## NARRAMORE v. CLARK & Tr.

An attorney at law is chargeable upon trustee process for money collected by him in the course of his professional employment.

FOREIGN ATTACHMENT.    The trustee is an attorney at law, and at the time of the service of the writ upon him had in his hands $116.65 which he had collected on a debt for the defendant in the course of his professional employment.    The question whether he can be charged for that sum was reserved.

*Lane & Dole*, for the plaintiff.

*H. W. Brigham*, for the defendant.

BLODGETT, J.    A sufficient answer to the defendant's claim, that an attorney at law is an employé within the meaning of the statute (G. L., *c.* 249, *s.* 42) enacting that no person shall be charged as trustee for any funds which are held by him " in the capacity of clerk, cashier, or other employé of the principal defendant, and which have been received in the ordinary course of such employment," is the statute itself ; for of whatever signification the term

"employé" may be susceptible (see *Gurney* v. *Railway Co.*, 2 N. Y. Suprm. Ct. (T. & C.) 453, *Wilson* v. *Gray*, 127 Mass. 99, *Gurney* v. *Railway*, 58 N. Y. 371; *United States* v. *Morris*, 14 Pet. 475), the sense in which the legislature used it in this statute is readily ascertained by the application of the familiar rule of statutory construction, that where general words follow particular ones, they are to be construed as applicable to persons or things of the same general character or class with those specified. For illustration, see, among other authorities, *St. Louis* v. *Laughlin*, 49 Mo. 559, *Rex* v. *Whitnash*, 7 B. & C. 596, *Reg.* v. *Reed*, 28 Eng. L. & Eq. 133, *State* v. *McGarry*, 21 Wis. 496, *Corey* v. *Bath*, 35 N. H. 538, and *Somers* v. *Emerson*, 58 N. H. 49. The addition of the general term "employé" after "clerk" and "cashier" brings this case exactly within the rule; and besides, it must be borne in mind that if the legislature had intended to include all employés, there was no occasion to make any enumeration whatever.

These considerations, and the further one that statutes conferring exemptions are to be strictly construed, make it entirely plain, in our opinion, that the exemption in question must be confined to the specific employés named in the statute, and to others of a like class or description; and it of course follows, both from the nature of his office and the character of his employment, that an attorney at law, as such, is not *ejusdem generis*, and does not answer the limitation.

And if this construction required additional support, we think it might be found in the probable cause of the exemption (see *Bank* v. *Railroad*, 58 N. H. 104) and its manifest object, as well as in the fact that a contrary construction would effect so radical a change in the long established process of foreign attachment that it would practically be available for the attachment of wages only; whereas the decided tendency of our modern legislation has been to increase and facilitate the exemption of wages from the operation of that process, while in other respects it has been enlarged and extended.

*Trustee chargeable.*

STANLEY, J., did not sit: the others concurred.