BATCHELDER *v.* COUNTY OF ROCKINGHAM & *a.*

Fines imposed by a police court for violations of *c.* 109, Gen. Laws (prohibiting the sale, etc., of spirituous liquor), upon complaints prosecuted at the expense of the county, belong to the city or town where the court is established.

BILL OF INTERPLEADER, by the police justice of the city of Portsmouth against the county of Rockingham and the city of Portsmouth. Facts agreed. The plaintiff has in his hands the sum of $400 received as fines from residents of Epping for violations of *c.* 109, Gen. Laws. All the complaints on which the fines were imposed were endorsed by the county solicitor in the name of the county, and all the costs of prosecution were assumed by the county. The city claims the whole of the fines under the provisions of *s.* 7, *c.* 268, Gen. Laws. The county claims one half of the fines under the provisions of *s.* 27, *c.* 109, Gen. Laws.

*C. E. Batchelder*, for the plaintiff.

*S. W. Emery*, solicitor, for the county.

*J. S. H. Frink*, for the city of Portsmouth.

SMITH, J. Fines imposed by a police court of a city or town belong to the city or town, "where other provision is not specially made" by statute. G. L., *c.* 268, *s.* 7. In this case the fines were imposed by the police court of Portsmouth for violations of the statute prohibiting the sale of spirituous or intoxicating liquor. The question is, whether, when the prosecution is carried on at the expense of the county, one half of the fine belongs to the county under the provisions of Gen. Laws, *c.* 109, *s.* 27. It is immaterial that the complaints were endorsed by the county solicitor, for it is made his duty, under a penalty for neglect or refusal, to institute such prosecutions in cases where information is communicated to him in the manner pointed out in Gen. Laws, *c.* 16, *s.* 10. Any person may make complaint and carry on a prosecution at his own expense, and is entitled to one half of the fine collected through such prosecution. The duty of instituting and carrying on such prosecutions at the expense of the town is imposed on the selectmen, under a penalty for their neglect where they can obtain reasonable proof; and in such cases one half of the fine collected belongs to the town.

Ordinarily, prosecutions for crimes and offences are carried on by the officers of the county, and at its expense. There is no legal duty imposed upon an individual to engage in a criminal prosecution, either at his own or at the public expense; and ordinarily no

such duty is imposed on towns. The object of the moiety law was to secure the better enforcement of the statute prohibiting traffic in intoxicating liquors. The whole fine belongs to the county, except (1) when a private prosecutor is entitled to a moiety, and (2) when the fine is imposed by a police court. Police courts being maintained at the expense of towns and cities, the legislature has provided that fines imposed in such courts shall belong to the town or city maintaining the court. The express mention in the moiety law of a town or city, and person (upon whom there is no legal duty to prosecute), as prosecutors entitled to a moiety of the fine, necessarily excludes from the benefit of the moiety provision the county, which is not mentioned, and upon which rests the duty of instituting prosecutions for the violation of this as well as of all other laws. A town or an individual is a private prosecutor. A county, if not in the strictest sense a public prosecutor, is not a private prosecutor. The fines in the plaintiff's hands belong to the city of Portsmouth.

*Case discharged.*

Doe, C. J., was absent: Carpenter, J., did not sit: the others concurred.