Merrimack, }
June 4, 1912. }

## STATE *v.* DUNKLEE.

A city ordinance which requires the licensing of hackney-coaches, cabs, and other
vehicles used for the public conveyance of passengers is applicable to motor
vehicles so employed, although enacted prior to their advent.

The statute providing that no municipal ordinance which regulates the speed or
restricts the use of automobiles shall have force or effect (Laws 1911, *c.* 133,
*s.* 15) does not deprive a city of the power to require the licensing of motor
vehicles employed within its limits for the public conveyance of passengers.

APPEAL, from the decision of the police court of the city of Con-
cord, which found the defendant guilty of violating a city ordinance
requiring the owners of hackney-coaches used in the city to obtain
a license from the board of mayor and aldermen. The defendant
has not complied with the ordinance and was engaged in operating,
with a chauffeur as driver, an automobile or taxicab, carrying pas-
sengers for hire from place to place within the limits of the city.
The defendant is guilty if the ordinance applies to the transpor-
tation of passengers for hire in motor vehicles. Transferred from
the October term, 1911, of the superior court, without a ruling, by
*Pike,* J.

*Alexander Murchie,* city solicitor (by brief and orally), for the
state.

*Martin & Howe* and *Joseph A. Donigan (Mr. Donigan* orally), for
the defendant.

WALKER, J. The ordinance upon which the prosecution is based
is as follows: "No person or persons shall set up, employ, or use
any hackney-coach, cab, or other vehicle for the conveyance of
passengers, for hire, from place to place within the limits of the
city, without a license from the mayor and aldermen"; and the
question presented by the defence is whether this ordinance applies
to one engaged in the business of conveying passengers for hire,
within the city of Concord, in a taxicab. The validity of the ordi-
nance as applied to the business of transporting passengers in cabs
or hackney-coaches is not questioned; nor is it contended that the
use of taxicabs as a public means of conveyance does not require
for practical purposes the same supervision or regulation by the

city as the use of hacks in the same business.   The evident purpose
of the ordinance, which was enacted in 1894 by virtue of authority
granted to the city by section 10, chapter 50, Public Statutes, was
to regulate and supervise the business of public carriers of passen-
gers upon the streets of the city, for the convenience and safety of
the public.   The license is required when one engages in that busi-
ness, and not when he uses a hack, or a taxicab, or other vehicle for
his own accommodation.   The particular name or designation of
the vehicle is not important; but the character of the business in
which it is used is important and determines the question whether
a license is required under the ordinance.   In other words, the ordi-
nance does not purport to regulate or supervise the mechanism of
vehicles that are allowed to use the streets, or to authorize the mayor
and aldermen to determine the kind of motive power that may be
used in the propulsion of carriages upon the public highways.   It is
only the business of public conveyance in "vehicles" of some kind
that is subject to the supervision of the city.

As the object and scope of the ordinance is thus limited, it has
not been impliedly repealed by the legislature in section 15, chapter
133, Laws 1911, as is claimed by the defendant.   This chapter relates
to the licensing by the secretary of state of persons to operate upon
the highways of the state automobiles and motor vehicles, and
establishes certain rules or regulations as to the speed and manage-
ment of such machines.   It does not purport to regulate the busi-
ness uses to which motor vehicles may be put.   Its purpose is to
supervise and restrict their management while they are being pro-
pelled upon the public thoroughfares.   Section 15, upon which the
defendant specially relies, must be construed in view of the general
purpose of the act as above briefly indicated.   It provides that
"no ordinance, by-law, or regulation now in force in any city or
town, or in any park or parkway, which regulates the speed at which
motor vehicles shall be run upon its ways or which excludes such
vehicles therefrom, or which governs or restricts the use of such
vehicles, shall hereafter have any force or effect."   Was this lan-
guage intended to have the effect of depriving cities of the power of
regulating and supervising the business of the local transportation
of passengers in taxicabs?

While the ordinance "governs or restricts the use" of the defend-
ant's taxicab in relation to the business he employs it in, it does
not govern or restrict his use of it as a carriage or vehicle upon the
streets.   In this latter respect he is subject to the provisions of

chapter 133, which do not apply to the business of carrying passengers, but to the management of motor vehicles, whether used for pleasure or pecuniary gain. The word "use" in the statute was not intended to have so broad an effect as to prohibit the regulation by a city of the occupation of hacking within its limits, because it was carried on by means of motor vehicles. *Commonwealth* v. *Newhall*, 205 Mass. 344. Otherwise, it might be said that the fact that a peddler carries his goods about in a licensed automobile makes it unnecessary for him to obtain a peddler's license under chapter 76, Laws 1897,—a somewhat surprising proposition. All the evidence bearing upon the question of the intention of the legislature leads to the conclusion that the ordinance was not repealed, with the exception of one word in the statute which might by a forced construction lead to an opposite result. But as statutory language is not always given its broadest meaning, or a meaning which the context and subject-matter show was probably not intended (*Pierce* v. *Emery*, 32 N. H. 484, 508; *Carter* v. *Whitcomb*, 74 N. H. 482, 488), the evident intention of the legislature as revealed by the act cannot be defeated by giving a single word in the statute an unnecessary meaning.

The claim that the ordinance does not apply to the business of carrying passengers in taxicabs, because at the date of its passage (1894) such vehicles were not in use, cannot be sustained. *Bly* v. *Railway*, 67 N. H. 474; *Rockingham County* v. *Chase*, 75 N. H. 127. As already suggested, the kind of vehicle is not important upon a reasonable construction of the ordinance. It cannot be doubted that a taxicab is a vehicle; and when people are carried in it for hire, as they are in an ordinary hack, the proprietor must obtain the license required by the ordinance, in order to legitimately prosecute that business in the city of Concord. Whether the defendant was properly licensed to operate taxicabs under the state law need not be considered.

*Case discharged.*

All concurred.