Coös,
June 4, 1929.

HENRY R. LEFEBVRE *v.* HOMER M. WHITTIER & Co.

*Ovide J. Coulombe* and *Ira W. Thayer* (*Mr. Thayer* orally), for the plaintiff.

*Warren W. James* and *Crawford D. Hening* (by brief and orally), for the defendant.

SNOW, J. The plaintiff's action, so far as disclosed by the record and arguments, is based solely upon the claim that the sale to him was made in violation of P. L., c. 284. Sections 1 to 26 thereof provide for the annual registration with the state insurance commissioner of dealers in corporate securities, and forbid sales by unregistered dealers. Sections 26 to 28 authorize the commissioner to prohibit the sale

by such dealers of any security which, upon investigation, he finds to be of such a character, or so insufficiently presented, as likely to impose upon intending purchasers. Section 38 imposes a penalty for the violation of any provision of the chapter.

The defendant's answer admits that sale of the securities in question had been forbidden prior to the sale to the plaintiff, but sets up, among other things, (1) that it had no notice or knowledge of such prohibition and (2) that the plaintiff was himself a dealer. The plaintiff's demurrer raises the question of the sufficiency of these defences.

1. Section 36 of the act provides that "notice of any . . . decision of the commissioner shall be sufficient if sent by mail addressed to the dealer, . . . at the address designated in the application for registration." Whether or not requirement of notice by the commissioner to registered dealers of an order suspending the sale of any security might be implied from the general terms of the act, it is clearly to be inferred from the language of this section. The burden was upon the plaintiff to establish by proof that such notice had been mailed the defendant by the commissioner in accordance with the requirement of the statute, or that the defendant had actual knowledge of the suspension. There is nothing in the plea or brief statement which relieves the plaintiff therefrom. The recital of the order therein was accompanied by an express denial of notice or knowledge thereof prior to the sale.

2. Section 1 defines a dealer as "any individual, partnership, association or corporation engaging in the selling or offering for sale of securities, *except to* or through the medium of, or as agent or salesman of, *a registered dealer.*" The italics are ours. One selling to a "registered dealer" is specifically excluded from the class against whom the prohibitions of the statute are directed. Registered dealers, therefore, are not protected by the act. It is not likely that the legislature intended to afford greater protection to an unregistered dealer than to a registered dealer. Nor is such an illogical distinction a necessary inference from the language used. Agents and salesmen were appropriately referred to as the representatives of *registered* dealers by whom alone they might be appointed (*ss.* 17–21). The ambiguity arose when the draftsmen undertook to treat both dealers and their agents and salesmen in a single expression. While something of clearness is sacrificed by the attempt at condensation, the controlling word in the excepting clause, as applied to the situation here presented, is "dealer." See *State* v. *Dunklee,* 76 N. H. 439, 441; *State*

v. *Bank,* 75 N. H. 27, 31. The act was not intended to penalize one making a sale to a dealer, whether such dealer was registered or unregistered. This is a logical inference from the object of the statute which is to be regarded. *Opinion of the Justices,* 72 N. H. 605, 607; *Haselton* v. *Stage Lines,* 82 N. H. 27, and cases cited. The design of the legislature was to safeguard the public from dealers, and not to shield dealers from one another. The purpose of the act was to protect "one set of men from another set of men; the one from their situation and condition, being liable to be oppressed or imposed upon by the other." *Karamanou* v. *Company,* 80 N. H. 420, 423. This view is confirmed by the original title of the legislation, namely, "An act to protect the public against the sale of worthless securities." Laws 1917, *c.* 202. As the sale of proscribed securities by one dealer to another is not forbidden by the statute, the defendant's allegation that the plaintiff was a dealer was a sufficient defence.

The demurrer should have been overruled.

*Exceptions sustained.*

All concurred.