Merrimack,  }
March 3, 1931.}

Henry P. Cofran *v.* John F. Griffin, *Commissioner, & a.*

*Ralph W. Davis*, attorney-general, and *Jennie Blanche Newhall*, for the commissioner.

*Almon F. Burbank*, (by brief and orally), for the town.

Allen, J. The 1929 law by its terms is made an addition to P. L., c. 90, entitled "Use of Highways by Travelers" and one of a group of chapters under the designation "Highways, Bridges, Sidewalks, Sewers and Ferries." It authorizes the classification of certain highways as through ways. In its provisions it subjects to fine the driver of a vehicle failing to stop before entering a through way at its inter-

section with another way when a duly installed stop signal device is set against him.

The town claims under a law (P. L., *c.* 370, *s.* 2) reading: "Unless otherwise specially provided, all fines . . . imposed by a municipal court shall be for the use of the town in which the court is established . . ."

The commissioner claims under P. L., *c.* 102, *s.* 28, which makes payable to him "All fees and fines received by any person under the provisions of any laws of the state relative to the use and operation of motor vehicles." This law is contained in a chapter which is one of a group of chapters entitled "Motor Vehicles," the chapter itself is entitled "Registration and License Fees; Penalties, etc.," and is followed by another chapter of the group entitled "Operation of Motor Vehicles."

The law under which the fines have been imposed is not a local regulation or municipal by-law. It is general and uniform for all towns in which its conditions make it operative, it is made a part of the state law of the road, and it prescribes the penalty for its violation. Local authority is given no power to legislate on the subject. It may only determine some of the conditions necessary to give the law application.

In 1911 a new motor vehicle law superseding prior laws on the subject was enacted. Laws 1911, *c.* 133. By it the fees and fines received under its provisions, "together with all other fees received . . . under the laws of the state relative to the use and operation of motor vehicles," were to be paid into the state treasury. *s.* 27. In 1919 this section was amended so as to make payable for the benefit of the state "All fees and fines received by any person under the provisions of this act or under the laws of the state relative to the use and operation of motor vehicles . . ." Laws 1919, *c.* 161, *s.* 7.

The change in this respect was apparently made with reference to section 16 of the act. This section prescribes the penalties for violation "of any provision of this act, or of any rule or regulation under its authority." The change operated definitely to include fines received for violations of such rules and regulations. Such fines would be imposed "under the laws of the state." The 1911 act was so worded as at least to make it a question whether it applied to fines received for such violations, and the 1919 act removed any doubt about it. And the change may have also been intended to make certain that it covered amendments of the act, although normal rules of statutory construction would lead to the same result. The 1911 act had been amended at every session of the legislature after its pas-

sage. The change, if no more than of phraseology, was in language better adapted to show that fines imposed by virtue of any amendments of the 1911 act were to be applied in the same way as fines under the act itself.

The result was to make a common test for fines and fees and to have them payable for the benefit of the state when they were received under any law "relative to the use and operation of motor vehicles." And it seems fairly clear that only the motor vehicle law, including rules and regulations adopted in pursuance of it, was meant.

Motor vehicles have presented two main problems to the state, suitable highways and safe travel. The state has assumed in large measure the expense of highway construction and maintenance which formerly belonged to cities and towns. The principle was adopted that revenue to meet the expense should come from the use of motor vehicles, so far as reasonable. Money received under the motor vehicle law was thus assigned. But it was not intended that towns and counties should contribute towards the expense at the sacrifice of their own sources of revenue under other laws.

"Police courts being maintained at the expense of towns and cities, the legislature has provided that fines imposed in such courts shall belong to the town or city maintaining the court." *Batchelder* v. *County*, 66 N. H. 374, 375. For like reason, all unexcepted fines belong to the county in which the offense is committed. (P. L., *c.* 370, *s.* 2.) The counties are under the expense of the prosecution of crime in general. It is true that the motor vehicle law appropriates to the use of the state certain fines. But so far as they are only for offenses which that law itself establishes, nothing is taken away from towns and counties, and any increased burden in the expense of prosecution may be regarded as too slight to deserve practical allowance.

On the point of safety of travel the question is more difficult. Argument is made that the law relates in part to motor vehicle operation and that in cases of such relation the law securing fines for the state governs. It is said that the fines are received under laws relating to motor vehicle operation.

This seems a strained and forced construction. Carried to extremes, it would mean that a fine paid as a punishment for manslaughter arising out of reckless operation of a motor vehicle would be payable to the state. As another example, fines imposed for illegal transportation of intoxicants when a motor vehicle is used for the purpose, may be suggested. In the example of manslaughter safety of travel enters into the public concern and the law on the subject

may extend to proper operation of motor vehicles, but it has reference to such operation only incidentally and is not special legislation relating only to such operation, or even to the subject of highway travel.

The law of the road relates to safety of travel, and when the driver of a motor vehicle violates it, it is true that the law has reference to such driving. The vehicle is improperly operated because the law of the road is not observed. But it is not a violation of the motor vehicle law. The section of that law (P. L., c. 103, s. 16) which expressly subjects motor vehicles to the law of the road does not incorporate the latter law into the former, but transfers to the latter control over operation so far as its mandates go.

It is said in *State* v. *Dunklee*, 76 N. H. 439, 440, with reference to motor vehicles, that the purpose of the motor vehicle law "is to supervise and restrict their management while they are being propelled upon the public thoroughfares." While proper operation of motor vehicles and proper use of the highways by them come for practical purposes to the same thing, yet the legislature has adopted different methods of approach. The law of the road is an adjustment of rights of travelers using a highway at the same time, while the motor vehicle law is concerned to make safe the use and operation of motor vehicles on the highways. Safety in respect to highway travel and safety in respect to the condition and management of the instrumentalities of such travel are treated in the legislation as distinct subjects.

The law under which the fines were imposed applies to all vehicles, whether moved by automotive or external agency, and as before stated is classified by its terms with the law of the road. The law of the road is classified under the subject of travelers' use of highways, which in turn is classified under the general title of highways. The motor vehicle act in which the disposal of fines for the offenses it defines is prescribed and the law prescribing the penalty for violation of the act are included under the general title of motor vehicles. Motor vehicle fines are given the same disposition as motor vehicle fees. The fact that the use and operation of a motor vehicle may be such as to be an offense against a law other than the motor vehicle law does not show the offense to be one relating to such use and operation. Fairly, in the legislative intent, the law of the road is not a law relating to the use and operation of motor vehicles merely because it applies to them.

The town is entitled to the fines.

*Case discharged.*

All concurred.