Coös,
Feb. 2, 1932.

JOSEPH HONNON *v.* JAMES H. KERR.

EDWIN E. HOWE *v.* SAME.

*Ovide J. Coulombe* and *Ira W. Thayer* (*Mr. Coulombe* orally), for the plaintiffs.

*Edmund Sullivan,* (by brief and orally), for the defendant.

ALLEN, J. In support of their exception the plaintiffs rely upon the following statute: "No person shall, within the compact part of a town, fire or discharge any cannon, gun, pistol, or other firearms; nor beat a drum, except by command of a military officer having authority therefor; nor fire or discharge any rockets, squibs, crackers or any preparation of gunpowder or other explosives, except by permission of a majority of the police officers or selectmen in writing; nor make a bonfire; nor improperly use or expose any friction matches; nor knowingly raise or repeat a false cry of fire." (P. L., c. 378, s. 6.) Violation of the statute is an offense against the police of towns, and the penalty for violation is such as to make the offense only a misdemeanor.

The statute does not apply to the use of explosives in the course of business. Broadly it is meant to define certain things done for the sake of disturbance and excitement as punishable misconduct. The reference to any preparation of gunpowder is meant to cover things similar in character and use to rockets, squibs and crackers, and the additional reference to other explosives goes no further than to include such things when they are made of some other explosive than gunpowder. This latter reference was made in 1891 as an amendment to the existing law and at that time the invention of dynamite had not long become in general use. Its use in such things as those specified in the statute increased their danger and accounts for the amendment as a material change.

Other legislation has been construed in a similar manner. " . . . where general words follow particular ones, they are to be construed as applicable to persons or things of the same general character or class with those specified." *Narramore* v. *Clark*, 63 N. H. 166, 167. This principle was also employed in *Corey* v. *Bath*, 35 N. H. 530, 538, 539. In further application of it this has been said: "But as statu-

tory language is not always given its broadest meaning, or a meaning which the context and subject-matter show was probably not intended (*Pierce* v. *Emery*, 32 N. H. 484, 508; *Carter* v. *Whitcomb*, 74 N. H. 482, 488), the evident intention of the legislature as revealed by the act cannot be defeated by giving a single word in the statute an unnecessary meaning." *State* v. *Dunklee*, 76 N. H. 439, 441.

The sale, transportation and storage of explosives is carefully regulated by statute (P. L., c. 148), and one section of the chapter (s. 9) gives special attention to dynamite. No regulation of the business use of explosives in addition thereto has been thought necessary. Careful use is required regardless of the statute, reasonable anticipation of the results of its use is a duty of care, and care may mean every precaution human ingenuity may suggest. *Blaisdell* v. *Company*, 75 N. H. 497. It is not to be held that the legislature intended to leave it to local authority to pass upon such business use. If a local permit must be obtained, the local authority may determine its terms and conditions. The offices of local authority specified in the statute indicate no special qualifications therefor, and a purpose to impose undefined regulatory restrictions in addition to the obligation of care is not perceived.

If regulation of business use were intended for protection, it would seem that persons and property outside the compact part of a town should have the protection. The exclusion of the statute as to them tends to show the exclusion of all.

Gasolene is an explosive, and under the plaintiffs' position all use of engines driven by gasolene would be subject to the statute. No purpose of such a far reaching scope is to be found.

The conclusion dispenses with consideration of the question of the effect of the statute upon the defendant's liability if the plaintiffs' interpretation of it were sustainable.

*Judgments for the defendant.*

All concurred.