## BOUTELLE *v.* MELENDY.

An illegal contract is incapable of ratification or of becoming the consideration of a subsequent promise.

A payment, voluntarily made, with knowledge of the facts, by a vendee, for property illegally sold to him, but which he can and does retain, cannot be recovered by him of the vendor.

ASSUMPSIT. The suit was for the price of a horse and harness, sold by the plaintiff to the defendant, in November, 1845. At the time of the sale, the property was subject to a mortgage, and was sold without the consent of the mortgagee. Such a sale was made illegal by ch. 132, § 8 of the R. S., and by § 10 a penalty was imposed for it. The defendant was notified by the mortgagee of his claim, but retained the property, and the mortgage debt was subsequently paid by the plaintiff. The defendant filed in set-off his account of various payments made on account of the horse and harness, some before and some after the payment of the mortgage debt, and after he had notice of the mortgagee's claim, and he sought to recover their amount of the plaintiff, as having been improperly paid. Judgment being rendered for the plaintiff for the balance of the accounts, exceptions were taken to this court.

*A. W. Sawyer*, for the plaintiff.

*B. M. Farley*, for the defendant.

WILCOX, J. A sale of mortgaged personal property, without the consent of the mortgagee, being expressly prohibited, and in addition to the prohibition, a penalty being imposed for it upon the vendor, upon such a contract, it is very well established, both in this court and elsewhere, no action can be founded. Upon this point there can be no dispute; but the question is made, whether the subsequent acts of the defendant do not amount to a ratification and implied

Boutelle *v.* Melendy.

promise which will support the action. As against the plaintiff, he had a good title to the property. The mortgagee only could take it from him; and upon the discharge of the mortgage debt, that danger was removed. Having, then, the absolute ownership and enjoyment of the property, the plaintiff having relieved him from all liability, by paying the mortgage debt, he makes a further payment, as the plaintiff urges, in recognition of his obligation.

But without considering the distinction between an express and an implied promise, with respect to their sufficiency to convert a moral into a legal obligation, we are of the opinion that neither could be here supported. The sale was illegal; and it is well settled that such contracts shall receive no judicial sanction; that the law will recognize no validity, in favor of a wrong-doer in an act which it prohibits and punishes. To permit its subsequent ratification, or to consider it the sufficient and legal basis of a subsequent promise, would be a manifest inconsistency. It would be to annul the rule, and enable the parties, by an easy expedient, to evade laws based upon considerations of public policy. See *Allen* v. *Deming*, 14 N. H. Rep. 133. There have been, it is true, cases in which a different opinion seems to have been held, as in the case of *Williams* v. *Paul*, 6 Bing. 653, and cases in Vermont in which that has been followed; but the propriety of that decision has since been seriously questioned in the English courts, and even in the later Vermont cases, some hesitation has been manifested. The case of *Simpson* v. *Phillips*, 3 M. & W. 244, by which the case of *Williams* v. *Paul* was supposed to have been in some degree confirmed, was afterwards corrected by a note at the end of 5 M. & W., in which the reporter states that the opinion of Baron Parke, in *Simpson* v. *Phillips*, was misconceived, upon this point, and that he doubted whether the case of *Williams* v. *Paul* could be supported in law. These cases of illegal contracts are plainly distinguishable from those where a moral obligation has

been recognized as the sufficient consideration for a subsequent promise; such as that of a debt barred by the statute of limitations, or one contracted during minority. The new promise itself takes the latter class out of the reason of the objection to their recovery.

It is equally clear that the defendant cannot now recover what he has paid. He made the payments voluntarily, it appears, with a full knowledge of the facts, and he has now a perfect claim to the property for which he made them. Certainly, without restoring the property, which he has received and enjoys, he cannot reclaim what he has paid for it. *Fulham* v. *Down*, 6 Esp. 26 n.; *Brisbane* v. *Dacres*, 5 Taunt. 143; *Caldwell* v. *Wentworth*, 14 N. H. Rep. 431.

*Judgment for the defendant for his costs.*