Hillsborough, ⎫
June 24, 1916. ⎰

### M. A. ALBERTSON & Co. *v.* JAMES H. SHENTON.

As a general rule, if not invariably, the imposition of a penalty for the doing of an act is equivalent to an express prohibition of the act.

Under the statute of pedlers (Laws 1897, c. 76, s. 1), prohibiting going about "exposing for sale or selling" etc., a sale by one going about selling is within the prohibition.

If a contract is prohibited by statute, it is immaterial to inquire whether the statute was passed for revenue purposes only.

A vendor who has illegally sold a chattel and taken a lease from the vendee providing that title should vest in the vendee upon full payment of the purchase price cannot maintain trover against him upon default of payment.

TROVER, for a diamond ring. Facts agreed. March 7, 1912, the plaintiffs' agent sold the defendant the diamond ring for $150,

and the defendant signed a lease agreeing to pay the price stated and stipulating that the title should vest in him upon payment of the full amount. Fifty-seven dollars is still unpaid. The plaintiffs' agent had no license as a hawker and pedler, and was violating the statute when this sale was made. (P. S., c. 123, s. 1).

If selling without a license is a defence, the defendant is to have judgment. Upon these facts, the court ordered judgment for the plaintiffs for fifty-seven dollars, and the defendant excepted. Transferred from the January term, 1916, of the superior court by _Branch_, J.

_Henri A. Burque_, for the plaintiffs.

_Marcel Theriault_, for the defendant.

Parsons, C. J. In answer to the elementary proposition that no right can be founded upon a transaction which involves a violation of law (_Piper_ v. _Railroad_, 75 N. H. 435, 436, 437 and cases there cited), the plaintiffs make two claims: (1) that the imposition of a penalty for "carrying for sale or exposing for sale" is not a prohibition of a sale merely. _Jones_ v. _Berry_, 33 N. H. 209; _Brackett_ v. _Hoyt_, 29 N. H. 264; _Williams_ v. _Tappan_, 23 N. H. 385; and (2) that the imposition of a penalty as a mere revenue regulation and not for the protection of the public is not a prohibition of the act denounced by the penalty. _Corning_ v. _Abbott_, 54 N. H. 469; _Lewis_ v. _Welch_, 14 N. H. 294, 298; _Favor_ v. _Philbrick_, 7 N. H. 326, 340.

Assuming that these positions are well taken, they do not aid the plaintiffs. In effect, the claim is that the legislature did not intend in the statute, which it is agreed the plaintiffs violated, to prohibit the transaction upon which their rights depend. "Where the purpose is to prohibit an act, there is no power in the court to allow the act to be the foundation of a right to recover." _Gilchrist_, J., in _Lewis_ v. _Welch_, 14 N. H. 294, 298. As a general rule, if not invariably, the imposition of a penalty for the doing of an act is held to be equivalent to an express prohibition of the act. _Brackett_ v. _Hoyt_, 29 N. H. 264; _Roby_ v. _West_, 4 N. H. 285, 289. But this principle is not of importance in the present case. The statute in force March 7, 1912, in relation to hawkers and pedlers, is chapter 76 of the Laws of 1897. The first section of this chapter reads: "No person shall do any business as a hawker or peddler, or go about from town to town, or from place to place in the same town, exposing

for sale or selling any goods, wares, or merchandise, . . . until he shall have procured a license so to do." Laws 1897, c. 76, s. 1. If there can be a sale without an exposing for sale and a going about exposing for sale without a sale, so that the offence may be complete without a sale, as there may be a keeping for sale without a sale (*State* v. *Havey*, 58 N. H. 377, 378; *State* v. *McGlynn*, 34 N. H. 422, 427), there can be no going about selling without a sale. The sale is an essential part of the prohibited act, hence a sale by one going about selling is within the prohibition of the statute. The conclusion of the court in *Jones* v. *Berry*, *supra*, is put upon the ground that "the statute relating to pedlars declares, not that every pedlar, or other person, going from place to place, *selling*, &c., shall be liable to the penalty, but *carrying* to sell, or *exposing* for sale." *Ib.*, *p.* 211. Upon this reasoning was based the conclusion of the court that the prohibition did not extend to the sale itself. Under the present statute, *Jones* v. *Berry* is not an authority sustaining the plaintiffs' contention, while the reasoning of the court tends to the opposite conclusion when applied to the language used by the legislature in 1897. If, in analogy to the logic of *Jones* v. *Berry*, it should be said that there might be a sale without a "going about" that consideration is immaterial in this case, as is also the reasoning in *Jones* v. *Berry* since it is agreed that the plaintiffs' salesman was violating the statute when making the sale. If "carrying" or "exposing for sale," or "going about" are essential incidents to render a sale a violation of the statute, the agreement admits the existence of the necessary facts. If the illegality is to be found only in the "carrying" "exposing" or "going about" and either fact is part of what was done, the entire transaction would be affected thereby and the sale founded upon such violation of law void. *Williams* v. *Tappan*, 23 N. H. 385, 394. Moreover, after prescribing how a license may be obtained, the law of 1897 provides in sect. 3, "every person so licensed may sell" making clear the legislative understanding that selling without a license had been forbidden.

"Where a contract is prohibited by statute, it is immaterial to inquire whether the statute was passed for revenue purposes only, or for any other object. It is enough that parliament has prohibited it, and it is therefore void." Benj. Sales (Bennett), s. 538.

Upon the question whether a prohibition of the contract was intended, the purpose of the legislature in imposing a penalty is material, and, if it appears that the statute is purely a revenue one and that the penalty is imposed solely for the protection of the

revenue, the conclusion that it was not intended to prohibit the contract so as to render it void may be reached.    Benj. Sales, *Ib.*; *Mandelbaum* v. *Gregovich*, 17 Nev. 87,— 45 Am. Rep. 433; *Banks* v. *McCosker*, 82 Md. 518, 523,— 51 Am. St. 478; *Levinson* v. *Boas*, 150 Cal. 185,— 12 L. R. A. (N. S.) 575, notes, *pp.* 590, 616, and cases cited *supra*.    The contract in the present case is expressly prohibited.    Neither is the statute purely a revenue measure.    Its purpose in part is to protect the public by preventing unsuitable persons, those not of good moral character, from engaging in the business regulated.    For only those applicants who present the requisite evidence of such character, the certificate of a mayor or the majority of the selectmen of a town, can obtain a license. Laws 1897, c. 76, s. 2.

The penal provisions of the act are found in section eight: "whoever goes about from town to town, or from place to place in the same town, carrying for sale or exposing for sale any goods, wares, or merchandise contrary to the provisions of this chapter, shall be punished by a fine." From this language it can be argued upon the authorities before cited that no fine could be imposed for a mere sale of goods, wares or merchandise which were not carried about or exposed for sale.    If this be so, it is very clear that the prohibition against going about selling was not devised for the purpose of raising revenue.

The plaintiffs suggest that the action is trover, not assumpsit to recover upon the contract of sale.    But the plaintiffs' alleged title rests upon the lease given in execution of the illegal contract of sale. Their real grievance is the breach of the defendant's promise of payment.    Their claim is through the illegal contract, and they cannot avoid the effect of its illegality by varying the form of the remedy.    *Woodman* v. *Hubbard*, 25 N. H. 67, 71, 72.

The case refers to *s.* 1, *c.* 123, P. S., which was repealed by *c.* 65, *s.* 9, Laws 1893, but as counsel cite *c.* 76, Laws 1897, the act in force March 7, 1912, the reference in the case is assumed to be an error.

*Exception sustained: judgment for the defendant.*

All concurred.