<em>Exceptions overruled.</em>

All concurred.

Hillsborough, }
June 29, 1922. }

### STYLIANOS KARAMANOU *v.* H. V. GREENE CO., INC.

Laws 1917, *c.* 202, *s.* 9, which invests the insurance commissioner with judicial power as to the revocation of licenses, does not attempt to remove him from the superintending power of the supreme court as to questions of law and is a valid exercise of the power conferred upon the legislature by Part II, *art.* 4, of the constitution.

Where contracts are prohibited for the protection of one set of men from another set of men, the parties are not *in pari delicto,* and the person injured after the transaction is completed may bring his action and defeat the contract.

An action for money had and received lies to recover money paid for securities sold without a license in violation of Laws 1917, *c.* 202.

CASE, upon the following declaration: In a plea of the case for that the defendant on the 22nd day of October, 1918, received from the insurance commissioner for the state of New Hampshire, acting under and by virtue of chapter 202, section 8, of the session laws of the general court of the state of New Hampshire for the session of 1917, a license to sell certain securities known as the stock of the Commercial Finance Corporation; that on the 19th day of April, 1919, said insurance commissioner for the state of New Hamp-shire canceled the license of the defendant to sell the stock aforesaid and thereof notified the defendant; yet, the defendant

thereafterwards, notwithstanding the provisions of said statute and the prohibition of the insurance commissioner, sold to the plaintiff certain certificates for the purchase of stock of said Commercial Finance Corporation; to the damage of the plaintiff, as he says, the sum of four hundred dollars.

To this declaration the defendant demurred, assigning the following reasons: (1) That the statute under which plaintiff claims is unconstitutional in that it attempts to deprive the court of the authority to decide the question of law; (2) That the alleged failure of the defendant to comply with the statutes does not give the plaintiff any right of action against the defendant; (3) That the alleged sale of securities set forth in the plaintiff's declaration does not allege that they were not of the value paid for them by the plaintiff. Subject to exception, the demurrer was overruled. Transferred by *Branch*, J., from the September term, 1921, of the superior court.

*James A. Broderick*, for the plaintiff.

*Marcel Theriault* and *Cobleigh & Cobleigh*, for the defendant.

PARSONS, C. J. The wrong of which the plaintiff really complains, it is inferred from the declaration and briefs, is the sale to him by the defendant of certain securities of less value than the amount he has paid for them. His contention is that by virtue of the fact that the sale was made in violation of the provisions of *c.* 202, Laws 1917, he may maintain his suit without proof of the facts essential to recovery in a common-law action of deceit.

The defendant's first ground of demurrer is that the statute upon which plaintiff relies, "An act to protect the public against the sale of worthless securities," is unconstitutional. The reason assigned in the demurrer is: "the statute . . . is unconstitutional in that it attempts to deprive the court of the authority to decide the question of law." The provisions of the statute upon which this contention is based are not pointed out. The act provides for the decision by the insurance commissioner of certain questions of fact. Part II, *art.* 4, of the constitution gives the general court full power "to erect and constitute judicatories and courts of record or other courts . . . for the hearing, trying, and determining all manner of . . . actions, causes, matters, and things whatsoever, arising or happening within this state." There can be no constitu-

tional objection to the investing of the insurance commissioner with judicial power as to the matters in question. The statute does not attempt to remove him from the superintending power of the supreme court as to questions of law, if the attempt to do so would violate the constitution. This power to create inferior tribunals has been frequently exercised. *Boody* v. *Watson*, 64 N. H. 162, 198. The ground upon which it can be successfully questioned is not apparent. The objection taken has not been argued; no other has been pointed out. The contention as to the constitutionality of the law is therefore understood to be abandoned and is overruled without further consideration. See *Hall* v. *Company*, 242 U. S. 539, 559, 568.

The declaration may be, and probably is, technically defective. The plaintiff does not claim that any private right of action is given by the terms of the statute or that as a private individual he can maintain an action without showing that the act complained of, beside being a wrong as against the state, had some relation to him; and concedes that to maintain the suit he must show not only the violation of the statute but that the violation was the cause of the wrong. *Taylor* v. *Thomas*, 77 N. H. 410, 415. The objection of the demurrer that the declaration does not allege that the securities were not of the value paid for them by the plaintiff is not a suggestion of a failure to allege the relation of the violation of the statute to the plaintiff, but is a contention that no wrong to the plaintiff is alleged. The plaintiff's claim that the *ad damnum* of his declaration is a sufficient allegation of wrong may be incorrect under common-law rules of pleading. But the investigation and determination of this question cannot aid the parties. The real question appears from the briefs to be whether the plaintiff has a remedy which does not involve a trial of the defendant's good faith or the value of the securities. The question is of the rights of the parties under a contract of sale made in violation of law.

At common law, "A right cannot be founded upon a violation of law, and hence no legal right can grow out of a contract promoting or intending to promote such a violation." *Piper* v. *Railroad*, 75 N. H. 435, 437. "The rule is, *in pari delicto, potior est conditio defendentis* . . . Where the contract is executed, and the money paid *in pari delicto*, this rule, . . . certainly holds: And the party who has paid it cannot recover it back. For instance, in *bribery*, if a man pays a sum of money by way of a bribe, he can never recover it in an action; because both plaintiff and defendant are *equally*

*criminal.* But, where contracts or transactions are prohibited by positive statutes, for the sake of protecting one set of men from another set of men; the one from their situation and condition, being liable to be oppressed or imposed upon by the other; *there,* the parties are *not in pari delicto;* and in furtherance of these statutes, the person injured, after the transaction is finished and completed, may bring his action and defeat the contract." *Lord Mansfield, Browning* v. *Morris,* 2 Cowp. 790, quoted in *Edgerly* v. *Hale,* 71 N. H. 138, 147. The statute under consideration was passed for the protection of men such as the plaintiff. The sale only is penalized, not the purchase. If the plaintiff has paid money or other thing to the defendant under the prohibited contract, the defendant cannot set up a title to such money or thing under the contract made in violation of law and the plaintiff will be entitled to recover without proof of the defendant's bad faith or the lack of value in the securities if he returns them. *Edgerly* v. *Hale,* 71 N. H. 138, 147, 148; *Edward* v. *Ioor,* 205 Mich. 617; 15 A. L. R. 256. An amendment of the declaration by the addition of a count for money had and received, with a specification of the facts relied upon, will meet the objections taken by the defendant.

*Case discharged.*

All concurred.