Hillsborough, }
Jan. 6, 1925. }

## DEMETRIOS KENALOS *v.* H. V. GREENE COMPANY.
## ANTONIOS KOUSTAS *v.* SAME.
## EFSTRATOS NAOUMAS *v.* SAME.

In an action to recover payment made for stocks sold in violation of Laws 1917, c. 202, it is not necessary that the stocks be tendered to the vendor before bringing suit, or prior to or during the trial. He is sufficiently protected if deposit of the stocks properly assigned is required before entry of judgment.

ASSUMPSIT, for money had and received. Each action was brought to recover payment made for stocks sold in violation of Laws 1917, c. 202. The actions were tried together and a jury gave each plaintiff a verdict. During the trial the defendant took exceptions to various rulings. Transferred by *Marble*, J.

*James A. Broderick* (by brief and orally), for the plaintiffs.

*Cobleigh & Cobleigh* (*Mr. Marshall D. Cobleigh* orally), for the defendant.

ALLEN, J. The exception to the order that the cases be tried together lacks merit. The discretionary authority of the trial court to make such an order is not now an open question (*Genest* v. *Company*, 75 N. H. 365), and the case shows nothing even tending to prove that the discretion was improperly exercised or that any injustice was done the defendant.

The exception in the Koustas case to the refusal to direct a verdict for the defendant on the ground that this plaintiff disposed of his stock, and later, for the purpose of enabling himself to bring the suit, reacquired it, must be overruled. If such a situation would be a defence, as to which no opinion is expressed, it is not available here, in view of the evidence that he did nothing of the kind. On the issue thus made no exception was taken to the instructions to the jury, and they are not involved. *Dow* v. *Latham*, 80 N. H. 492.

The exception to the refusal to direct a verdict for the defendant in each case on the grounds common to all of them, that *Karamanou* v. *Company*, 80 N. H. 420, should be overruled, that no plaintiff showed any damage sustained in the purchase of his stock and that no plaintiff before bringing suit made a tender of his stock to the de-

fendant either with or without the requirement of returning his payment at the time, is also to be overruled. No reason being presented or suggesting itself why *Karamanou* v. *Company* should be overruled, it is affirmed. It holds it to be immaterial what value the securities have when bought or later. While it does not go so far as to hold that a plaintiff may recover if he does not return the securities, it does not hold that a tender of them must be made before suit is brought. It is now the law that if a rescinding party does what he equitably should, it is a sufficient substitute for restoring the previous situation. *Mears* v. *Holmes, ante,* 401 and cases cited. Since no injustice is done the defendant if it receives back the stocks by the time it satisfies the judgments, and since there is adequate procedure to secure their return on such a basis, tender prior to bringing suit or prior to or during the trial is not equitably required. An order deferring entry of judgments until the stocks duly assigned are deposited gives the defendant all needed protection in such respect.

Whether, if no offer of return is at any time made, the plaintiff may recover what he paid less any value the securities may happen to have, is a question not presented and not considered.

The special exception in the Kenalos case has received no attention, as failure to refer to it in the brief waived it. *Fernald* v. *Fernald,* 80 N. H. 75.

*Exceptions overruled.*

All concurred.