# J. H. McCallum *v.* W. J. McIsaac.

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

C. A. Noone, for complainant, appellee.

Goins & Gammon, for defendant, appellant.

Mr. Justice Cook delivered the opinion of the Court.

The chancellor awarded a recovery upon defendant's note of $700 given for shares of stock in the Handy Andy Community Stores of Chattanooga, Inc. He appealed and insists that the stock transaction was illegal and the note void because the agent through whom he bought the stock did not register and pay the fee as required by section 7, chapter 31, Acts 1st Ext. Ses. 1913. The defendant invokes the rule applied in *Wright* v. *Jackson Construction Co.*, 138 Tenn., 145; *Morton* v. *Imperial Realty Co.*, 133 Tenn., 681, and *Gilley* v. *Harrell*, 118 Tenn., 115, and insists that since the statute requires registration and penalizes the agent for failure to register and pay the license fee, the sale of the stock was illegal, the contract unenforceable, and the note void. See *Stevenson* v. *Ewing*, 87 Tenn., 45.

In addition to insisting that the contract is not void, in violation of the Blue Sky Law, the complainant refers to the case of *Strong* v. *Efficiency Apartment Corp.*, 17 S. W. (2d), and insists that the company is not an investment company subject to regulation under the Blue Sky Law.

Whether the company was an investment company engaged in selling stocks or securities to the public, or a mercantile corporation disposing of its own stock to

original subscribers in order to capitalize its business, is immaterial to a disposition of the case. The company was duly incorporated, and assuming the necessity for compliance, applied for and obtained a permit to carry on its business and sell its stock as required by the Blue Sky Law, chapter 31, Acts of 1913.

The relation of Byron Harris, who sold McIsaac the stock, is not shown by the record, but it appears that McIsaac's subscription was to the original shares of the company. Although the circumstances indicate that Harris was the company's agent, and it appears that he failed to register as required by the Blue Sky Law, every aspect of the transaction in so far as it relates to the two principals was legal.

Denial of recovery to the party who asserts a contractual right dependent upon his unlawful exercise of a privilege rests upon the two-fold purpose of (1) protecting the Government against the violation of its license laws, and (2) the public against irresponsible persons who might abuse the privilege. In such cases the courts repel the party attempting to assert the right dependent upon his unlawful exercise of a privilege. In this case the defendant is asserting the delinquency of the agent to defeat the right of the principal.

Section 13 of the Act contains three inhibitions, two against agents and one against the company, declaring it a misdemeanor (1) for the investment company to do business without a permit; (2) for an agent to sell the shares of stock of an unlicensed investment company, and (3) for an agent to exercise his agency without registering as required by section 7 of the Act. The last inhibition is directed against the agent and his delinquency relied on to avoid the contract.

While the company's non-compliance with the Act would constitute a good defense against its right to recover that of the agent would not. According to this record the company met every requirement of the Act. We find nothing in the statute to justify denial of a recovery upon the contract, valid in all respects, merely because it was brought about through an agent who could enforce no personal right dependent upon his unauthorized exercise of the privilege. Whatever the company could lawfully do in its own behalf, acting through its officers, it could lawfully delegate to an agent. The fact that the agent subjected himself to a penalty for non-compliance with a duty imposed by law could not impair a valid contract voluntarily executed by the parties. No provision of the Act would justify such a conclusion.

To invalidate a contract for illegality, the illegality must be inherent, not merely collateral. By the common law the wife could not generally contract, nor could an infant, although intelligent and nearing maturity. But both could, as agents, contract for a principal, and as between the principals the contract would be binding notwithstanding the incapacity of the agents to make a contract on their own behalf. This principle though not directly in point, is illustrative. The rule is better illustrated by those cases that hold sales by unlicensed auctioneers and unlicensed real estate agents valid as between the principals, although the auctioneer or agent could not recover compensation or commissions for their services.

We concur with the chancellor and affirm his decree.