## DOHERTY v. McAULIFFE et al.
### No. 2949.

Circuit Court of Appeals, First Circuit.
Jan. 4, 1935.

Robert G. Dodge, of Boston, Mass. (Harold S. Davis, of Boston, Mass., Robert S. Sloan and Joseph A. Burdeau, both of New York City, and Charles F. Dutch and Arthur F. Ray, both of Boston, Mass., on the brief), for appellant.

Alfred Gardner, of Boston, Mass. (Paul B. Sargent, of Boston, Mass., on the brief), for appellee McAuliffe.

William H. Lewis, of Boston, Mass., for various appellees.

George L. Dillaway, of Boston, Mass. (Allan Robinson, of Boston, Mass., on the brief), for intervener Absolom.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a bill in equity to restrain a multiplicity of suits with which the plaintiff, a stockbroker, alleges he is being threatened under the Blue Sky Law of Massachusetts (G. L. [Ter. Ed.] c. 110A) by many different persons who bought stock from him; the proceeding is sometimes called a "Bill of Peace." The bill shows complete diversity of citizenship as to the named defendants and more than $3,000 in controversy; and it alleges that the statute in question violates the Fourteenth Amendment to the Constitution of the United States. The defendants make no question as to jurisdiction, nor as to the equity of the bill. In the court below, after full hearing, there was a decree, called an "interlocutory decree," denying the permanent injunction prayed for and holding that the statute is constitutional, and that the contracts in question are void under it, but continuing during the pendency of this appeal the preliminary injunction previously granted. The plaintiff has appealed.

Doherty was a registered broker under the Massachusetts Blue Sky law. The stock in question, that of the Cities Service Company, could be legally sold in Massachusetts under the law. Doherty sold substantial amounts of it on installment contracts. This method of sale is the subject of a special provision in the statute (G. L. Mass. [Ter. Ed.] c. 110A, § 8) which is as follows:

Sec. 8. "No person registered as a broker or salesman shall sell any security or securities, whether exempted under section three or not, which are to be paid for in accordance with the terms of an instalment or partial payment plan contract except as such plan is approved by the commission."

Doherty being as he claims unaware of this provision made installment sales on a plan or form of contract which had not been approved by the commission which administered the law. All these contracts were completed; the stock was paid for and was taken by the buyers. Subsequently, when the buyers discovered that the form of contracts under which they purchased had not been approved by the commission, several of them brought actions against Doherty claiming the right to rescind the contracts and get back their money. Many other similar actions were threatened; and the present bill was filed. The plaintiff further contends, and alleges in the bill, that even if the statute be constitutional and valid, his violation of it did not give the defendants the right to rescind completed transactions. The defendants, on the other hand, contend that the statute is constitutional and that they have the right to rescind.

The statute in question has been carefully considered by the Supreme Judicial Court of Massachusetts, in Kneeland v. Emerton, 280 Mass. 371, 183 N. E. 155, 87 A. L. R. 1. It was there held that the parts of the act then before the court are valid; that sales of unqualified securities are void; and that the buyer may rescind such sales even after full completion and recover what he paid. We accept as in duty bound the state court's construction of the state statute. We agree with its conclusion that the statute in its general provisions is not unconstitutional. The question is elaborately considered in the opinion in the Kneeland Case, and it is unnecessary to repeat the discussion.

The provision involved in this case, section 8, was not before the Massachusetts court and was not passed upon by it; but if the statute in its other aspects is constitutional, it seems quite clear that the provision here involved is also constitutional. We do not doubt that the Legislature had the power to regulate sales on installments, nor that the provision forbidding brokers to sell in that way except upon a plan approved by the

commission was a valid exercise of this power.

■ As the bill shows jurisdiction in federal courts and a federal question, the District Court had jurisdiction of the entire controversy. "The Federal questions as to the invalidity of the state statute because, as alleged, it was in violation of the Federal Constitution, gave the circuit court jurisdiction, and, having properly obtained it, that court had the right to decide all the questions in the case, even though it decided the Federal questions adversely to the party raising them, or even if it omitted to decide them at all, but decided the case on local or state questions only." Peckham, J., Siler v. L. & N. R. R., 213 U. S. 175, at page 191, 29 S. Ct. 451, 454, 53 L. Ed. 753. See, too, Green v. L. & I. R. R., 244 U. S. 499, 508, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Hopkins v. So. Cal. Tel. Co., 275 U. S. 393, 48 S. Ct. 180, 72 L. Ed. 329.

The final question is whether the defendants have the right to rescind and recover what they paid. It depends on whether installment sales, not made on a plan approved by the commission, were by the statute made absolutely void or only voidable. The defendants contend that, though this question was not directly involved in Kneeland v. Emerton, the construction placed upon the statute by that decision requires us to hold that such sales were void, and that in any event the statute ought to be so interpreted. The provision there considered (G. L. Mass. [Ter. Ed.] c. 110A, § 5) was in substance that "no security * * * shall be sold" unless qualified under the act or exempted from its provisions. The provision now under consideration is found in a later section of the statute regulating brokers and persons whose business is selling securities. It is, basically, that no person shall sell securities as a broker unless registered, and that no registered broker shall sell securities on installments except under a plan which has been approved by the commission. In Kneeland v. Emerton, supra, the court was dealing with the sale of an unqualified security which was absolutely forbidden. Here the security might legally be sold and the plaintiff was qualified to sell it in the usual way. The only illegal aspect of the transaction was that the stock was to be paid for by installments instead of by a single payment. Section 5 is differently phrased from section 8; the former deals with subject-matter; the latter with mode of sale. There were strong reasons,

almost a necessity if the statute was to be effective, for holding that sales of unqualified securities were void, which do not apply with anything like equal force to the transaction before us. In view of the differences in the language of the two sections of the statute and in the conditions which they were designed to meet, we do not think that Kneeland v. Emerton, supra, is controlling on the question before us.

Whether a statute makes void contracts which have been entered into in disregard of its provisions is a question which has often arisen; there is a large body of law on the subject. The accepted rule is well stated in Bowditch v. New England Mutual Life Insurance Co., 141 Mass. 292, 4 N. E. 798, 800, 55 Am. Rep. 474: "But it is often a question of difficulty to determine whether a statute forbidding an act to be done, or enjoining the mode of doing it, is prohibitory so as to make any contract in violation of it absolutely void, or whether it is directory in its purpose, and does not necessarily invalidate the contract. * * *

"Each statute must be judged by itself as a whole, regard being had, not only to its language, but to the objects and purposes for which it was enacted. If the statute does not declare a contract made in violation of it to be void, and if it is not necessary to hold the contract void in order to accomplish the purpose of the statute, the inference is that it was intended to be directory, and not prohibitory of the contract." Morton, C. J., page 293, 295 of 141 Mass., 4 N. E. 798. See, also, Harris v. Runnels, 12 How. 79, 84, 13 L. Ed. 901; Huey v. Passarelli, 267 Mass. 578, 166 N. E. 727; Sinnott v. German-American Bank, 164 N. Y. 386, 58 N. E. 286; Fritts v. Palmer, 132 U. S. 282, 10 S. Ct. 93, 33 L. Ed. 317; Dunlop v. Mercer (C. C. A.) 156 F. 545; Bemis v. Becker, 1 Kan. 226.

■ The object of the provision here in question was to prevent brokers from overreaching by means of installment contracts which imposed unfair conditions on the buyer. When such a sale has been completed and the securities delivered, this consideration becomes of little force. It is going beyond what the statute requires, to hold that sales of a permitted security by a registered broker are completely void because the form in which they were made was not approved. The mere fact that by making a contract a person violates the law and renders himself liable to punishment does not necessarily render the contract void. In the cases above

cited more extreme instances of violation of regulatory statutes were held not to have the effect of voiding contracts. For instance, statutes which forbid persons from selling lots according to any plan until the plan has been recorded and imposes penalties for violation of them do not make void the contracts, Watrous & Snouffer v. Blair, 32 Iowa, 58; Bemis v. Becker, 1 Kan. 226; statutes forbidding persons from carrying on business under fictitious names and imposing penalties for so doing do not make void contracts made by a person who is violating the statute, Hayes v. Providence Citizens' Bank & Trust Co., 218 Ky. 128, 290 S. W. 1028, 59 A. L. R. 450; Sagal v. Fylar, 89 Conn. 293, 93 A. 1027, L. R. A. 1915E, 747; Rutkowsky v. Bozza, 77 N. J. Law, 724, 73 A. 502; Lamb v. Condon, 276 Pa. 544, 120 A. 546; a statute forbidding corporations under penalty from holding real estate does not make void title acquired by a corporation in violation of the statute, Fritts v. Palmer, 132 U. S. 282, 10 S. Ct. 93, 33 L. Ed. 317. A statute may have the effect of making a contract voidable while still executory but not void after completion. Sinnott v. German-American Bank, 164 N. Y. 386, 58 N. E. 286; Bawden v. Taylor, 254 Ill. 464, 98 N. E. 941. If the Legislature had intended to outlaw installment sales not made on an approved plan, it would have been very easy to say so. The basic difference in language between section 5 and section 8, and the fact that no such provision was inserted are significant. It seems probable that the decision in Kneeland v. Emerton went beyond the actual intention of the Legislature with respect to making contracts void (280 Mass. 379, 380, 183 N. E. 155, 87 A. L. R. 1). Installment contracts made in violation of section 8 may be voidable by the buyer while executory, but we do not think it was intended that they should be void, nor that, after they have been fully performed, there is any right to rescind.

It follows that the decree appealed from must be vacated except that the preliminary injunction referred to in clause 4 of said decree may stand subject to further order of the District Court, and that the case should be remanded to the District Court for further proceedings in accordance with this opinion.

The decree of the District Court is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion.