## DOHERTY v. BARTLETT et al.
### No. 3052.

Circuit Court of Appeals, First Circuit.
March 10, 1936.

For original opinion, see 81 F.(2d) 920.

Robert J. Peaslee, of Concord, N. H., Robert G. Dodge, of Boston, Mass., and Franklin Hollis, of Concord, N. H., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch and Carlton Fox, Sp. Assts. to Atty. Gen., for respondent.

Before BINGHAM and MORTON, Circuit Judges, and PETERS, District Judge.

BINGHAM, Circuit Judge.

The defendant has presented a motion for rehearing. The ground of the motion is that this court, in its opinion, did not state whether or not it overruled its prior decision in Doherty v. McAuliffe (C.C.A.) 74 F.(2d) 800, 803. The reason is not far to seek.

In Doherty v. McAuliffe this court had under consideration the construction and application of section 8 of chapter 110A of the General Laws of Massachusetts (Ter.Ed.), and section 15 of that chapter. Section 8 prohibited a registered dealer from selling securities in that state on "an instalment or partial payment plan contract except as such plan is approved by the commission," and section 15 of the act imposed a penalty of fine and imprisonment for violation of section 8. In applying these provisions of law, and following the decision of the Massachusetts court in Bowditch v. New England Mutual Life Ins. Co., 141 Mass. 292, 4 N.E. 798, 55 Am.Rep. 474, it was held that: "Installment contracts made in violation of section 8 may be voidable by the buyer while executory, but we do not think it was intended that they should be void, nor that, after they have been fully performed, there is any right to rescind."

In the present case, in suits arising in the New Hampshire district, we have had under consideration section 2 of chapter 202 of the Laws of 1917 prohibiting a salesman of a registered dealer from selling or offering for sale in that state securities, unless registered as a salesman of such dealer, and section 12 of that chapter imposing a penalty of fine or imprisonment or both in case of a violation of section 2. And, following the decisions of the Supreme Court of New Hampshire in construing the provisions of this identical act (Karamanou v. H. V. Greene Company, 80 N.H. 420, 124 A. 373, 374; Kenalos v. H. V. Greene Company, 81 N.H. 426, 128 A. 335), we held that a contract of sale of securities made in New Hampshire by an unlicensed agent of the defendant was void.

In the Karamanou Case the action arose on a demurrer to a declaration. The declaration alleged that the defendant, on October 22, 1918, had received from the insurance commissioner, acting under chapter 202 of the Session Laws of 1917, a license to sell certain securities; that on the 19th day of April, 1919, the commissioner had canceled the license of the defendant and notified it to that effect, yet the defendant thereafterwards "sold to the plaintiff certain certificates for the purchase of stock" to the plaintiff's damage. Section 9 of the act gave the commissioner authority to revoke a dealer's registration "in case of violation of any provision of this act"; and section 8 of the act, while it did not require as a condition precedent to the sale of securities by a registered dealer that he should first obtain the permission of the commissioner to sell any particular stock, it did authorize the commissioner to require the dealer to file with him a list of securities which he was offering or about to offer for sale, and if, after examination, he was of the opinion that the securities or any of them were of a "character that there is a serious financial danger to the purchaser in buying them," he was authorized to "prohibit the dealer from selling or offering the securities" for sale, but not otherwise. The declaration left it doubtful whether the violation complained of was a sale by an unlicensed dealer, his registration having been revoked under section 9, or whether it possibly alleged a sale of securities after the commissioner had prohibited the sale of them under section 8. But the court, in its opinion in the Karamanou Case, in view of its liberal exercise of the power of amendment and to dispose of the case, treated the declaration as though it alleged the doing of some act entering into the contract prohibited by the statute, subject to penalty. This is shown by the concluding sentence of the opinion where it is said: "An amendment of the declaration by the addition of a count for money had and received, *with a specification of the facts relied upon,* will meet the objections taken by the defendant" (italics supplied), and in stating the question to be determined the court stated it broadly as follows: "The question is of the rights of the parties under a contract of sale *made in violation of law.*" It then went on and pointed out that the parties were not in pari delicto; that "the statute un-

der consideration was passed for the protection of men such as the plaintiff. The sale only is penalized, not the purchase." It then held that: "If the plaintiff has paid money or other thing to the defendant under the prohibited contract, the defendant cannot set up a title to such money or thing under the contract made in violation of law, and the plaintiff will be entitled to recover without proof of the defendant's bad faith or the lack of value in the securities if he returns them."

In Albertson & Co. v. Shenton, 78 N.H. 216, 98 A. 516, the New Hampshire court had under consideration sections 1 and 8 of chapter 76 of the New Hampshire Laws of 1897. Section 1 reads: "No person shall do any business as a hawker or pedler, or go about from town to town, or from place to place in the same town, exposing for sale or selling any goods, wares, or merchandise, * * * until he shall have procured a license so to do." Section 8 subjected a violator of section 1 to punishment by "a fine of not more than two hundred dollars ($200.-00), or by imprisonment for not more than six months, or both." See Pub.St.N.H. 1901, c. 123, pp. 383, 384, §§ 1, 8.

. The action was trover for a diamond ring. It appeared that the plaintiffs' agent sold the defendant the ring for $150 under a contract of lease wherein the defendant agreed to pay the price, and title was not to vest in him until payment in full. He paid a part and refused to pay the balance. The plaintiffs' agent had no license as a hawker or peddler and was violating the statute when the sale was made. The court held that the plaintiffs could not recover the balance due as "their claim is through the illegal contract, and they cannot avoid the effect of its illegality by varying the form of the remedy."

In New Hampshire from the earliest time contracts or acts entering into contracts prohibited by statute subject to penalty have been uniformly held to be void, not voidable (Allen v. Deming, 14 N.H. 133, 40 Am.Dec. 179; Boutelle v. Melendy, 19 N.H. 196, 49 Am.Dec. 152; State v. Rand, 51 N.H. 361, 12 Am.Rep. 127; Albertson & Co. v. Shenton, 78 N.H. 216, 98 A. 516; Edgerly v. Hale, 71 N.H. 138, 51 A. 679; George v. George, 47 N.H. 27, and numerous other cases); whereas, in Massachusetts they frequently

have been held voidable, if not executed, not void.

As early as 1843, and probably from an earlier date, the New Hampshire Supreme Court, in Allen v. Deming, supra, in construing section 1 of the Act of December 24, 1799 (Laws 1830, p. 167), providing "that no person whatsoever shall do or exercise any labor, business or work of his secular calling, works of necessity and mercy only excepted, on the Lord's day, under a penalty of six dollars," held that a note executed and delivered on Sunday for the purchase of shingles was void. In commenting on the difference existing between the courts of Massachusetts and New Hampshire in construing statutes prohibiting the doing of a given act or the making of a contract subject to penalty, the New Hampshire court (14 N.H. 133, 138, 40 Am.Dec. 179) said:

"In Geer v. Putnam, 10 Mass. 312, in the common pleas, to an action of assumpsit on a note, the maker pleaded in bar that it was made on the Lord's day, to which the plaintiff demurred generally, and the plea was adjudged insufficient. The counsel for the defendant, on error brought, said, apparently by way of apology, that he made the plea at his client's instance, who had lost a debt in Connecticut on the same ground; but he seemed to think the plea was not to be supported. The chief justice recollected a case in which the court upon deliberation overruled this defence, and the judgment of the court of common pleas was affirmed. This case is the foundation of the doctrine which has since obtained in Massachusetts, that a contract made on Sunday is valid, although the St.1791, ch. 58, sec. 1, prohibited any manner of labor, business or work on Sunday, except works of necessity and charity. The case of Clap v. Smith, 16 Pick. 247, was decided upon the authority of Geer v. Putnam. Should a case arise, however, in which the law of these cases should be inquired into upon principle (an examination which it does not appear thus far to have received), it is not improbable, judging from the legal learning and ability of that court, that they may be overruled."

[1, 2] Whether the decision in Doherty v. McAuliffe, construing the Massachusetts statute, was correct or not, we are not called upon to follow or reject it in this case, for the statute here under consid-

262

eration is a New Hampshire statute, the construction of which is well settled by the highest court of that state; in which case it is the well-established rule that a federal court in construing the statute of a state will follow the decisions of the highest court of that state.

Rehearing denied.