## ORNE *v.* ROBERTS.

Under General Statutes, ch. 105, sec. 8, the owner or keeper of a dog is liable to the person injured by it for double the damages sustained, whether such owner or keeper had notice of the vicious habits of the animal or not.

The double damages, under this statute, may be recovered in an action of debt, without previously determining the actual damages in an action on the case.

This action is debt, brought in favor of Frank S. Orne, by Frederick A. Orne, his next friend, against John R. Roberts, to recover double damages for an injury inflicted upon the plaintiff, Frank S. Orne, by the defendant's dog, under ch. 105, sec. 8, of the Gen. Stats. The plaintiff alleges that he was bitten by the defendant's dog, March 10, 1870, and suffered damage thereby to the amount of $2,000; whereby an action has accrued to him to recover $4,000, according to the provisions of said statute. It was admitted that the liability of the defendant had not been determined in any other suit, and that the damages had not been ascertained or liquidated in any manner whatever. The defendant thereupon objected that parol evidence could not be admitted upon the question of damages; that this action cannot be maintained; and moved for a nonsuit. The objections were overruled, and the motion denied, *pro forma;* and the defendant excepted. The questions thereupon arising were reserved for the consideration of the whole court. The writ and pleadings may be referred to as part of the case.

If the court are of opinion that the action can be maintained upon the foregoing facts, the case is to be discharged and stand for trial.

*F. Hobbs*, for the plaintiff.

I. By sec. 8, Gen. Stats., enhanced damages are given, and the question is, By what *form of action* are they to be recovered? The phrase in sec. 8 is, " to be recovered in an action of debt." Recover what, if not " double the amount of damage sustained by him?" The statute has expressly made " debt" the form of action which is to be used; and whether that statute be in accordance with or in opposition to the rules of pleading at common law is immaterial, as by statutes *all* the common law rules may be abolished—or in part, as in Massachusetts, where the actions are simply contract, tort, and replevin.

But the section in question is similar to sec. 59, ch. 88, Gen. Stats. of Mass., chap. 88, sec. 13, Rev. Stats. of Mass., except in the latter the remedy is in an action of " tort." Under that statute it was decided that either the jury or the court could double the damage. See *Pressey* v. *Wirth*, 3 Allen 191, 192, and cases cited ; and the same rule will obtain in the case at bar. *Sherman* v. *Favour*, 1 Allen 192, is where

double damage was given by the jury; also, *M' Carthy* v. *Guild*, 12° Met. 292. In *Fairfield* v. *Burt*, 11 Pick. 245, there were three counts in trespass,—two on the statute for double damages, and one at common law. The justice of the peace gave the plaintiff judgment for double damages; *held*, that the counts could be joined; and SHAW, C. J., says, on page 246, " The statute, providing that the owner of a dog shall forfeit and pay double the damage done by such dog, further provides that it may be recovered by an action of ' trespass.' It only affects the rule of assessing damages." In *Brewer* v. *Crosby*, 11 Gray 29, it seems the jury assessed double damages for the bite of a dog.

II. In *Mitchell* v. *Clapp*, 12 Cush. 278, it is held that the statute giving double damages is not a penal statute, but essentially remedial. This is a *per curiam* decision, but it cites and rests upon the case *Reed* v. *Northfield*, 13 Pick. 97—C. J. SHAW. This was an action on the *case* for double damages for an injury on the highway. Beginning at the bottom of page 98, the court examines both principle and the cases, and holds the remedy remedial and not penal—that the declaration need not be " *contra formam statuti*," *and renders judgment on the verdict for double damages.* In the very next case, page 102, same cause of action, the same judge rendered the same judgment. In each of these cases the jury found the damages, not the court. In *Morrison* v. *Bedell*, 22 N. H. 238, the court seems inclined to doubt whether or not the statute under which that suit was instituted was substantially remedial or not, and leaves the point undecided; and it is of no importance, so far as the case at bar is concerned. But under the statute of 1791 the remedy was " trespass"—22 N. H. 237, 10 N. H. 436—so that in this State the remedy has not always been uniform, and the power to dictate or change the *form of action* by which the penalty is to be recovered, is recognized and exercised.

When this remedy was trespass under the statute of 1791, it was opposed to the common law rule of pleading that *debt* is the remedy for *penalties. Morrison* v. *Bedell* recognizes the principle that statutes, like the one under which this suit is brought, are remedial, and cites 12 Pick. 571, a case for double damages for injury on a highway; also, *Worster* v. *Canal Bridge*, 16 Pick. 541, an action on the case for double damages in consequence of a defect in a bridge. In this case the jury assessed the damage. In 22 N. H. 238 it is said, " and it is no objection to maintaining *debt* for the recovery of a forfeiture, that the amount may depend on the finding of the jury;" and we regard the case in 22 N. H., cited above, as decisive against this defendant.

In *East Kingston* v. *Towle*, 48 N. H. 65, PERLEY, C. J., recognizes these actions under the statute for double damages, and says that " the amount of damages is to be determined by the jury who try the general question of the defendant's liability for the penalty." See, also, 2 Chitty Plead. 503.

In *Quimby* v. *Carter*, 20 Me. 218 (SHEPLEY, J.), it is said, " It may have been the more general practice for the court to instruct the jury to find high damages, to be doubled by the court, when the statute

"recognizes it." In *Cross* v. *United States*, 1 Gal. 26, it is said that when damages are demanded, and the statute gives double damages, they may be assessed either by the court or by the jury ; and in *Warren* v. *Doolittle*, 5 Cow. 634, the Chancellor says,—" In principle, it is wholly immaterial whether it be done by the court or by the jury. The assessment of double damages by the jury can afford no just ground for a new trial." To the same effect are the following cases :

*Kennedy* v. *Wright*, 34 Me. 351, SHEPLEY, C. J., where jury in debt for penalty gave double damages; *Chesley* v. *Brown*, 11 Me. 143, MELLEN, C. J., where *court* gave double damages; *Smith* v. *Montgomery*, 52 Me. 178, CUTTING, J., where jury gave double damages for injury by dog to the plaintiff's sheep; and in Maine it seems the statute, under which the suit at bar is brought, would be regarded as remedial and not penal. CUTTING, J., in 38 Me., bottom of page 107 ; SHEPLEY, C. J., in 31 Me. 532.

But whether the damage is to be *doubled* by the court or the jury, in either case *the plaintiff has the constitutional right to have the jury find the actual damage, and evidence of such damage is competent.* The suit is not only authorized by the statute, but the statute is itself in conformity to that well settled common law rule of pleading, that debt is the proper action to recover a penalty, if the statute be penal; which is not material to this case, and we do not discuss it.

*Marston,* for the defendant.

Chapter 105, sec. 7, Gen. Stats., gives a remedy for damages occasioned by a dog.

Section 8, same chapter, imposes a penalty upon the owner of a dog doing damage, to be recovered in an action of debt.

The amount of the penalty depends upon the damage suffered, which must first be ascertained by the appropriate action—case. Actual damages may perhaps be recovered under the seventh section, whether the owner of the dog was in fault or not, but a penalty can only be imposed upon a wrong-doer. It is no wrong to keep a dog. The wrong is in knowingly keeping a vicious one. *Sarch* v. *Blackburn*, 4 Car. & P. 394 ; *Brock* v. *Copeland*, 1 Esp. 203.

Judgment for the defendant in an action on the seventh section is a bar to an action on the eighth section ; but a judgment for the plaintiff on the seventh section determines the amount of the penalty in an action on the eighth section, in case the defendant is proved to have knowingly kept a vicious dog. In some cases a party has his election of remedies. The fourteenth section, chapter one hundred and five, gives the injured party an election of remedies prescribed in the seventh and thirteenth sections, but there is no election as between the seventh and eighth sections, for one is remedial and the other penal, and the amount of the penalty depends, as it should, upon the damage which the wrong occasioned.

It cannot be presumed that the commissioners or the legislature

intended to abolish the well known and long established distinction between actions of the case and of debt, and prescribe the latter form for the ascertainment of damages the most uncertain imaginable.

BELLOWS, C. J.　The suit is brought under sec. 8 of chap. 105 of the General Statutes, which provides " that every owner or keeper of a dog shall forfeit to every person injured by it double the amount of the damages sustained by him, to be recovered in an action of debt."

There can be no doubt that, in respect to single damages, it was the purpose of the law-makers to make the owner or keeper liable for such injuries, whether he had notice of the dog's vicious propensities or not.

The taxing of all dogs to create a fund out of which to indemnify persons who were injured by them, whether the owner or keeper was known, or in fault or not beyond the keeping of such dogs, indicates clearly the purpose of the legislature to create an absolute and unqualified liability.

The injured person has his election to call upon the town for the actual damage, in which case it is not material to inquire who owns or keeps the dog; or to call directly upon the owner or keeper for double the amount of the damage suffered.

In case the damage is paid by the town, it has a remedy over against the owner or keeper, and obviously without regard to the fact whether the owner or keeper had or had not knowledge of the vicious character of the dog.

These provisions of the General Statutes are a revision of the statutes of July 3, 1863, which apparently originated in the idea that much damage was done by dogs, for which the injured person had no remedy, by reason of the practical difficulty of charging the owner with knowledge of the mischievous character of the dog ; and, therefore, assuming that such animals were naturally dangerous, and, withal, of little utility, it was thought best to make the owner or keeper of such dogs liable absolutely for injuries caused by them.

It was clearly competent for the legislature to do this, and we think it was its purpose ; and so it was held in *East Kingston* v. *Towle,* 48 N. H. 65.

The Massachusetts statute, in respect to double damages, is substantially like our own, and the same construction was given to it as in *East Kingston* v. *Towle,* namely, that it was not necessary to allege or prove that the owner or keeper had notice of the evil propensities of the dog.

It is not seriously controverted that, so far as respects the provisions for the recovery of the actual or single damages, it is immaterial whether the owner or keeper of the dog had notice of the vicious propensities of the animal or not ; but it is urged that the double damages given by the statute are in the nature of a penalty, and that, to constitute a penal offence, the defendant must have kept the dog with knowledge of his vicious habits.

The language of the statute, however, is explicit, that every owner

or keeper of a dog shall forfeit to every person injured by it double damages, &c.; and we perceive nothing in the nature of the case, or in our previous legislation, that will justify the court in qualifying these provisions by assuming that such owner's or keeper's liability must depend upon his having notice of the vicious habits of the dog.

It is true that sec. 7 of the same chapter provides a remedy for the recovery of single damages, but the original act was passed some years earlier than sec. 8, which provides for double damages, and which was probably passed, originally, without having fully in view the provisions of the former act.

The provisions of sec. 8 may be regarded as cumulative, leaving those of sec. 7 still in force. In this respect it stands like a provision by statute, furnishing a new remedy for an injury, and leaving the old remedy at common law in force; as in the case of a wilful cutting of another's trees, and the like.

In such cases the party has an election of remedies,—as he may have under this statute.

Taking into consideration the nature of the case and our legislation on the subject, there is no such view of its policy as to justify the qualification suggested. The policy of our legislation is clearly evinced by providing that every owner of a dog shall contribute by a tax to a fund to pay all damages caused by dogs, and by providing that no person shall be liable for killing a dog which has not on its collar the name of the owner; showing that the legislature regarded such animals as naturally mischievous and of little value, assuming the existence of mischievous propensities,—as the law assumes that cattle and sheep are accustomed to rove, and holds the owners liable for damages done by them.

The remaining question is as to the remedy. The statute provides, in express terms, that the double damages shall be recovered in an action of debt; but it is urged by the defendant that, as the amount of actual damage is unliquidated, and as debt is not the appropriate remedy to recover unliquidated damages, the amount of such damages must first be determined in an action on the case.

The legislature, however, has, in terms, provided that the remedy shall be debt; and of the *power* of the legislature to do so there can be no doubt, notwithstanding at common law case may have been more appropriate.

A strong argument against the defendant's construction is found in the necessity of bringing two suits, and the embarrassments arising from a judgment in the action on the case for the single damages, which, ordinarily, would be regarded as settling conclusively the rights of the parties; and we think there is no such difficulty in determining the rights of the parties in an action of debt as to lead to a construction so inconvenient and anomalous.

In *Morrison* v. *Bedell*, 22 N. H. 234, which was trespass to recover a penalty under the Revised Statutes, ch. 207, sec. 1, for cutting sundry trees and poles on the plaintiff's land, the forfeiture being, for each log

one foot over, $5, and where larger, $5 and three times the value thereof; for every tree, log, or pole less than one foot in diameter, $3 ; and for other wood or underwood, treble the value thereof,— the court, PERLEY, J., held that trespass would not lie, but that debt was the only remedy, it being for the recovery of a penalty—and it will be observed that the statute was silent as to the form of action ; but the decision went upon the ground that debt was the appropriate remedy to enforce the payment of a penalty, and the court say it is no objection that the amount may depend on the finding of a jury. *Janvrin* v. *Scammon*, 29 N. H. 280, was trespass for breaking and entering the plaintiff's close and throwing down his fence ; and plaintiff's claim was under the statute providing that for such offence defendant should forfeit and pay treble damages to the person injured, and also a sum not exceeding fifteen dollars, according to the aggravation of the offence. It was held that this was a penal statute, and debt only would lie under it,—although it was held that this was not a declaration under the statute.

In both of these cases, and certainly in the latter, the damages were in their nature unliquidated ; and yet, although the form of action was not prescribed, it was held that, being for the recovery of a penalty, debt was the proper action.

In 1 Ch. Pl. 108, it is laid down that debt will lie to recover treble the value of tithes not set out according to the statute, but that debt will not lie when the demand is rather for unliquidated damages than for money, unless the performance of the contract is secured by a penalty.

In 2 Ch. Pl. 495 to 504 are forms of declarations in debt to recover double and treble damages awarded by statute for aiding plaintiff's tenant in removing goods to avoid distress for rent*; and it is said in note that the enactment is remedial as well as penal. So there are forms in debt for treble damages against a bailiff, for extorting unlawful fees—501 to 504. All these are cases where there is no statute provision that the action shall be debt.

In many cases the forms of action are changed by statute,—as in the case of the Massachusetts statute like the one in question, which provided that trespass should be the remedy ; and there it was held that for an injury to one's relative rights by a dog, trespass would lie, though, independent of the statute, case was the appropriate remedy. See *M' Carthy* v. *Guild*, 12 Met. 291, where the injury was to the plaintiff's minor son.

In the case before us, the provision that the damages are to be recovered by action of debt is explicit. It was competent for the legislature to make it, and we are unable to perceive any serious inconvenience in executing it. We are of the opinion, therefore, that the action can be maintained. Whether the jury shall be instructed to return single damages, to be afterwards doubled by the court, or to return double the actual damages themselves, is a question not raised or argued, and we do not propose to decide it. It does not seem to be material which practice is adopted, as the result must be the same. The practice has

been both ways, and there are authorities that hold it may be either. It may be important to have it uniform in order to avoid misapprehension, and probably the simplest and safest way is to have the jury return the actual single damages alone.

*Case discharged.*