Belknap, }
Nov. 1, 1910 {

### SMITH v. HALLAHAN.

The declaration in an action to recover for injury done by a dog is not defective because it fails to formally allege the plaintiff's freedom from fault.

The fact that a plaintiff who has been injured by a dog declares "in an action of tort" is sufficient to show that the suit is brought under section 14, chapter 60, Laws 1891 ; and in such cases the double damages provided for by the statute are recoverable, although not in terms declared for.

TORT, to recover damages for the bite of a dog. The declaration is as follows : "In a plea of tort, for that the said defendant, at said Gilmanton, on or about the 11th day of July, 1908, was

the owner or keeper of a certain dog, and he, the plaintiff, at said Gilmanton, on or about the said 11th of July, 1908, while not engaged in the commission of a trespass or other tort, was attacked by said dog and badly bitten, . . . all of which is to the damage of the plaintiff as he says in the sum of one thousand dollars." The defendant appeared generally, pleaded the general issue, and subsequently became default. Thereupon, by agreement, the case was sent to a commissioner who assessed the actual damages. Upon the coming in of the report the defendant moved in arrest of judgment. The motion was denied, judgment was ordered for double the damages found by the commissioner, and the defendant excepted. Transferred from the March term, 1910, of the superior court by *Chamberlin*, J.

*Shannon & Tilton* (*Mr. Shannon* orally), for the plaintiff.

*William F. McNamara* (of Massachusetts), *Edward A. Lane*, and *Arthur S. Healy* (*Mr. Lane* orally), for the defendant.

PEASLEE, J. The defendant advances three grounds for her motion in arrest of judgment. The first claim is that the declaration is fatally defective in that it does not allege the plaintiff's freedom from contributory negligence. Such allegation is not needed. *Smith* v. *Railroad*, 35 N. H. 356; *Corey* v. *Bath*, 35 N. H. 530, 548. There is nothing peculiar about the doctrine of contributory negligence as applied in cases under this statute. It is the ordinary rule " that the party injured is not entitled to recover if his own negligence contributed to the injury." *Quimby* v. *Woodbury*, 63 N. H. 370, 374. The rule that formal allegation of the plaintiff's freedom from fault is unnecessary has become so well understood in this state that in a recent case the proposition was conceded by counsel and was adopted by the court without question or elaboration. *Wheeler* v. *Railway*, 70 N. H. 607, 615.

It is next urged that the declaration is so indefinite that it cannot be ascertained whether the plaintiff seeks to recover under section 9, chapter 118, of the Public Statutes, or under section 14, chapter 60, of the Laws of 1891. The last mentioned statute provides for recovery in an " action of tort," and so the plaintiff has declared. While it is true that there was no such action at common law, it is provided for by the codes and statutes of many states. It was competent for the legislature to so name the action for this particular wrong. *Orne* v. *Roberts*, 51 N. H. 110. Having so named it, and the action having been brought under that name, the declaration would seem to inform a person of ordinary intelligence that the plaintiff sought to recover under this statute,

and not under another act into which this name for the form of action has not been incorporated.

Lastly, it is argued that the double damages provided for by the act cannot be recovered because not in terms declared for. This part of the statute is of course merely the rule of damage in the particular case. It involves no question of fact, but relates solely to the ministerial act of applying the statute to the facts found. *Jaquith* v. *Benoit*, 70 N. H. 1. Having been appraised by the declaration in an action of tort that the plaintiff sought to recover under the statute providing for double damages, the defendant was sufficiently informed that the rule of damages laid down therein would be applied.

*Exception overruled.*

All concurred.