Rockingham, }
June 2, 1925. }

### CONSOLIDATION COAL COMPANY v. TWIN STATE GAS & ELECTRIC COMPANY.

The vendee under a contract for the purchase of coal to be delivered in instalments during the year having failed to make payments as agreed, and the contract providing that the terms of payment therein prescribed should be of the essence of the contract, a finding that the failure to pay as agreed was a material breach of the contract entitling the vendor to withhold further deliveries until payment in accordance with the terms of credit, was justified by the evidence; and a motion for a directed verdict for the defendant vendee on its plea in recoupment for damages from the vendor's failure to deliver the full amount contracted for, was properly denied.

The vendee having committed a material breach of the contract by failure to make payment in accordance with its terms, the vendor was properly held to have been under no obligation to give notice of its intention to discontinue further deliveries, especially when there was *no* evidence to prove that payments would have been made when due, if such notice had been given.

ASSUMPSIT, for coal sold and delivered under a written contract. The defendant pleaded the general issue, and also sought to recover damages in recoupment because of the plaintiff's failure to deliver the full amount of coal promised.

By the terms of the contract the plaintiff agreed to sell the defendant 10,000 tons of coal and to deliver approximately 7,000 tons at the defendant's wharf in Dover during the open season of the river in as nearly equal monthly quantities as possible. The contract was dated April 17, 1916, and was to expire April 1, 1917. It was expressly stipulated that the terms of payment (cash 30 days from the date of shipments) should be of the essence of the contract.

The plaintiff made substantial deliveries each month, but the defendant failed to pay as it had agreed to do, the account between them showing a continuous balance due the plaintiff from July,

1916, to March, 1917, of over $10,000. Such payments as the defendant made were not in cash but by notes.

Trial by *Allen*, J., who found that the defendant's failure to pay as the contract required was a material breach, entitling the plaintiff "to postpone or withhold further deliveries during the term of the contract pending the existence of a substantial balance due it beyond the contract term of credit." To this ruling the defendant excepted. It also excepted to the denial of its motion for a directed verdict on the plea in recoupment. Other exceptions are considered in the opinion.

*Bartlett & Mitchell* and *Ernest L. Guptill* (*Mr. Guptill* orally), for the plaintiff.

*George T. Hughes* (by brief and orally), for the defendant.

Marble, J. The transaction in controversy occurred prior to the passage of the uniform sales act (Laws 1923, c. 122), and is therefore governed by the principles of the common law. As thus determined, the right of either seller or buyer "temporarily to withhold performance" (2 Williston, Con., s. 869), or to refuse it absolutely (*Clark* v. *Manchester*, 51 N. H. 594, 596, and cases cited), depends upon the importance of the default or breach committed by the other party. The question is one of degree, to be decided ordinarily by the trier of fact.

In the present case the trial court has found that the failure to pay was material and that the withholding of deliveries, even if a breach, was not a substantial one. Since there is abundant evidence to sustain this finding, the exceptions thereto are properly overruled and the motion for a directed verdict denied.

The refusal of the court to rule that the plaintiff was obliged to give reasonable notice of its intention to cancel the contract was unexceptionable because the plaintiff never elected to rescind. Deliveries were in fact continued up to the time the contract expired; the plaintiff merely withheld some 1,200 tons, which the trial court finds it had a right to withhold, in view of the unpaid balance. But even assuming that a duty of communication might have devolved upon the plaintiff under certain circumstances, such duty could hardly be said to exist in the present case, where the court finds no evidence to prove "that payments would have been made when due if refusal of further deliveries on account of non-payment had been

communicated." It is doubtful, moreover, if any exception lies to the "refusal" of the court to apply the principles of reasonable notice to the particular situation, in the absence of an appropriate request.

The defendant claimed that the plaintiff's failure to deliver all the coal promised during the open season compelled it to make purchases elsewhere at an increased cost. Recovery of the amount so expended is sought under the plea in recoupment. The defendant excepted to the finding that "no evidence of the open season was offered except as may be inferred from the specifications." While it is true that the defendant's division manager testified that in order to have coal enough to last through the winter months it was necessary to get approximately two months' supply each month during the summer, yet the specifications show deliveries in December, January, and February amounting to over $7,000, and the record fails to disclose any testimony whatever as to when the river was actually closed to navigation.

This particular finding would seem to be inconsequential, however, in view of the further finding that it was not shown to be of material importance whether the defendant received coal by water or by rail, nor whether the deliveries were in equal monthly amounts during the open season "so long as the plant had enough coal to keep running as it did until January 23, 1917."

The remaining exception relates to a so-called ruling that the burden of proof was "upon the defendant as to the matters covered" by the findings. It does not appear, however, that any such ruling was made. The defendant's brief contains no reference to the exception, and it is understood to be waived. *Kenalos* v. *Company*, 81 N. H. 426.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.