Rockingham, }
Nov. 1, 1927. }

## LENA M. GAGNON *v.* MAUDE M. FRANK.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Sewall & Waldron* (*Mr. Sewall* orally), for the defendant.

MARBLE, J. On June 6, 1926, the plaintiff was engaged to look after the defendant's premises in Exeter during the defendant's absence abroad. There were three dogs on the premises, and it was one of the plaintiff's express duties to care for them. On August 2, while attending to this duty, she was bitten on the hand by one of the dogs.

The statute under which the action is brought provides that "every owner or keeper of a dog shall forfeit, to any person injured by it, double the amount of the damage sustained by him." This statute is to be given a reasonable interpretation. *Quimby* v. *Woodbury,* 63 N. H. 370, 374. Its purpose is to obviate the difficulty of showing the owner's knowledge of the vicious propensities of the dog as required at common law. *Orne* v. *Roberts,* 51 N. H. 110; *McIntire* v. *Plaisted,* 57 N. H. 606, 609. But it does not confer a right of action on all persons indiscriminately. One whose injury is due wholly or in part to his own fault cannot recover. *Quimby* v. *Woodbury, supra; Chickering* v. *Lord,* 67 N. H. 555, 557; *Smith* v. *Hallahan,* 75 N. H. 534, 535. It is expressly provided that there shall be no liability where the injured party is engaged in the commission of a trespass or a tort, and the right of action does not inure to either the owner or keeper of the dog. P. L., c. 150, s. 23. This section of the statute, so far as it applies to the present controversy, is as follows: "Any person to whom . . . damage may be occasioned by a dog not owned or kept by him shall be entitled to recover such damage of the person who owns or keeps the dog."

The plaintiff understood that she was hired to "take charge of the house and care for the dogs." She testified: "I had to take care of the dogs if I stayed there." She was not, as her counsel argues, merely a servant working on the premises where the owner of the dog harbored it. The dog was in her possession and under her control. It was "kept" by her within the ordinary definition of the word. See *Cummings* v. *Riley,* 52 N. H. 368. Consequently, she is precluded from recovering under the statute.

After the verdict had been directed, the plaintiff moved to amend the declaration by adding a count at common law. There was no evidence that would have justified the granting of this motion, and it was denied subject to exception. The plaintiff has failed to refer to this exception either in the brief or oral argument, and it is understood to be waived. *State* v. *Roach,* 82 N. H. 189, 193; *Consolidation Coal Co.* v. *Company,* 82 N. H. 91, 93; *Kenalos* v. *Company,* 81 N. H. 426, 427.

*Judgment for the defendant.*

All concurred.