Coös, }
May 3, 1938. }

BERL S. RAYMOND *v.* HENRY BUJOLD.

*Carlton G. Rayno* and *Karl E. Dowd* (*Mr. Dowd* orally), for the plaintiff.

*Thomas J. Leonard* and *Hinkley & Hinkley* (*Mr. Walter D. Hinkley* orally), for the defendant.

WOODBURY, J. The plaintiff does not contend that he has a right of action against the defendant at common law. He claims only under a statute (P. L., c. 150, ss. 23, 24), which provides, section 23, that "Any person to whom or to whose property damage may be occasioned by a dog not owned or kept by him shall be entitled to recover such damage from the person who owns or keeps the dog, or has it in possession, unless the damage was occasioned to him while he was engaged in the commission of a trespass or other tort." Section 24 provides that double the amount of the damage sustained may be recovered in an action on the case.

There is nothing in the facts stated from which it might be inferred that the plaintiff committed a trespass to the personal property of the defendant when he captured and held the latter's dog or that the plaintiff's conduct in respect to it was tortious in any other way. In tying the dog up in his barn the plaintiff was doing what the defendant had specifically requested him to do, and there is nothing to indicate that in so doing the plaintiff forfeited his statutory rights by any act of carelessness or negligence. *Quimby* v. *Woodbury*, 63 N. H. 370; *Smith* v. *Hallahan*, 75 N. H. 534. Since the statute imposes liability upon dog-owners without proof of their fault, and since, by its terms, the right of action which it gives "does not inure to either the owner or keeper of the dog," (*Gagnon* v. *Frank*, 83 N. H. 122, 123), it follows that the sole question presented is whether or not at the time when the damage was done the dog was being "kept" by the plaintiff as that word is used in the statute. We do not believe that it was.

The content of meaning of the word "kept" varies so widely with the circumstances of its use that it defies any general or universal definition. As used in the statute before us it implies more than the mere harboring of a dog for a limited purpose or time. It implies rather the exercise of a substantial number of the incidents of ownership by one who, though not the owner, assumes to act in his stead. One who permits the casual presence of a dog upon his premises cannot fairly be said to be its keeper, nor does he become such when he temporarily feeds or shelters it. One becomes the keeper of a dog only when he, either with or without the owner's permission, undertakes to manage, control or care for it as dog-owners in general are accustomed to do. This is the rule in this state (*Cummings* v. *Riley*, 52 N. H. 368), as well as the rule elsewhere under statutes substantially similar. 3 C. J. 106; 2 Am. Jurisprudence *p.* 741.

The facts in the case before us, so far as stated, do not show that the plaintiff attempted to substitute himself for the owner of the dog or that he exercised or attempted to exercise the control over it which owners in general are accustomed to exercise over property of that nature. The facts show rather that the plaintiff retained the dog in his possession for a limited time and for the limited purpose of delivering it to its owner as soon as the latter could come for it, and that such acts of dominion as he exercised were only those reasonably necessary to effectuate that purpose.

Since its first enactment in 1851 (Laws 1851, c. 1124), the statute has made owners, keepers and those in possession of dogs liable for

the damage which they may do. On the other hand, only owners and keepers are denied the right to recover damages for such injuries. The omission of those in possession from the class of those who may not sue and the inclusion of them in the class of those who may be held liable indicates a legislative intention to differentiate between the keeper of a dog and one who merely has possession of it. In the case at bar the plaintiff exercised only such control over the dog as was essential to retain possession of it. He did not attempt to exercise further dominion over it and consequently he was not, as a matter of law, the keeper of the dog in the statutory sense.

*New trial.*

All concurred.