Belknap,
No. 5346.
No. 5347.

ELIZABETH L. NOYES & *a.* *v.* HENRY J. LABRECQUE & *a.*

Argued June 1, 1965.
Decided June 30, 1965.

*Snierson* & *Chandler* (*Mr. John P. Chandler* orally), for the plaintiffs.

*Nighswander, Lord, Bownes* & *Martin* (*Mr. Hugh H. Bownes* orally), for the defendants.

BLANDIN, J. These are two actions of case brought under RSA 466:19 for the recovery of damages arising from an accident wherein the plaintiff and his wife Elizabeth were injured and the motorcycle on which they were riding damaged when the defendants' dog ran out into the street in front of them. The plaintiffs allege no negligence of the defendants, but claim they are entitled to recovery under section 19, *supra*, which reads as follows: "Any person to whom or to whose property damage may be occasioned by a dog not owned or kept by him shall be entitled to recover such damage of the person who owns or keeps the dog, or has it in possession, unless the damage was occasioned to him while he was engaged in the commission of a trespass or other tort."

The defendants contend that section 19 created no new cause of action but merely relieved the plaintiffs of the burden of proving that the defendants knew that their dog had "vicious propensities." They say that section 19 must be construed with section 20, which says: "Every owner or keeper of a dog shall forfeit, to any person injured by it, double the amount of damages sustained by him, to be recovered in an action on the case."

In short, the defendants' position is that the statute does not apply and that therefore the plaintiffs must prove negligence as at common law. *Wike* v. *Allison*, 105 N. H. 393; Restatement, Torts, *ss.* 509, 518.

Although RSA 466:19, 20 suggest no qualifications to absolute liability of owners or keepers of dogs for the damage done by them save those expressed therein (*Raymond* v. *Bujold*, 89 N. H. 380) yet the reason for the enactment of the statute was undoubtedly to "obviate the difficulty of showing the owner's knowledge of the vicious propensities of the dog as required at common law. *Orne* v. *Roberts*, 51 N. H. 110; *McIntire* v. *Plaisted*, 57 N. H. 606, 609. But it does not confer a right of action on all persons indiscriminately." *Gagnon* v. *Frank*, 83 N. H. 122, 123. As the court in the same case further observed, "This statute is to be given a reasonable interpretation." *Id.*, 123. We believe that under a reasonable interpretation the statute and particularly

the double damages provision (*s.* 20) were not intended to cover a situation where no vicious or mischievous acts by the dog were alleged.

The conclusions reached render unnecessary discussion of other issues raised and the order is

*Exceptions overruled.*

All concurred.