Merrimack
No. 83-515

AARON ALLGEYER & a.

v.

ROBERT LINCOLN & a.

September 27, 1984

*Upton, Sanders & Smith,* of Concord (*Gilbert Upton* and *Gary B. Richardson* on the brief, and *Mr. Richardson* orally), for the plaintiffs.

*Ransmeier & Spellman,* of Concord (*Steven E. Hengen* on the brief and orally), for the defendants.

BATCHELDER, J.   This appeal followed a jury verdict in Superior Court (*Goode,* J.) in favor of the plaintiffs, and a judgment for $40,638. The defendants claim that the superior court erred in applying RSA 466:20, which authorizes the doubling of damages sustained by a victim of a dog bite, to the damages found by the jury. We affirm.

The following facts have been stipulated by the parties. The plaintiffs in the case are a ten-year-old minor, Aaron Allgeyer (by his father and next friend), and his father, Carl Allgeyer. The plaintiffs claimed damages resulting from an alleged violation of RSA 466:19 and from common-law negligence on the part of the defendants, Robert and Susan Lincoln, for injuries inflicted by the Lincolns' dog,

"Brandy," on March 18, 1982. On that date, Brandy bit Aaron as Aaron entered the Lincolns' home, where his mother was having coffee with Mrs. Lincoln.

In the declaration to their writ and at trial, the plaintiffs alleged that the defendants knew, or should have known, that Brandy had a propensity to bite strangers, especially children. The jury found for the plaintiffs on both the common-law negligence and the statutory counts. The jury found Aaron's damages to be $25,000 but found him to be twenty percent negligent. The jury also returned a verdict of $319 in favor of his father for medical expenses.

At trial, the defendants requested a jury instruction that the plaintiff Aaron's contributory negligence, if any, would bar recovery under the dog-bite statute. The defendants based their request on the fact that RSA 466:19 makes owners and keepers of dogs strictly liable for their dogs' vicious behavior. As a result, the defendants argued, the comparative negligence statute, RSA 507:7-a, which by its terms abrogated the common-law defense of contributory negligence in negligence actions alone, has no bearing on the plaintiffs' strict liability claim. The superior court denied the defendants' request and noted their exception. Following the jury's verdicts, the plaintiffs requested the court, under authority of RSA 466:20, to double the jury's verdict amount, and, in accordance with that request, the court did increase the verdict from $20,319 to $40,638. The defendants then excepted to the court's application of RSA 466:20 on the ground that it violated their equal protection rights under the New Hampshire Constitution and provided an unjustifiable double recovery to the plaintiffs.

The defendants' first claim is that the court committed error when, pursuant to RSA 466:20, it doubled the damages as found by the jury after deducting an amount attributable to the plaintiff Aaron's own misconduct. RSA 466:20 provides:

> "Every owner or keeper of a dog shall forfeit to any person injured by it double the amount of the damage sustained by him, to be recovered in an action on the case."

*Id.; cf.* RSA 540-A:4, I (Supp. 1983) (liability for double damages for violation by landlord or tenant of RSA 540-A:3 (Supp. 1983)); RSA 356:11 (Supp. 1981) (allowing treble damages for antitrust violation upon finding of willfulness or flagrancy); RSA 539:1 (Supp. 1983) (forfeiture of five times the value of forest product wrongfully taken); RSA 539:4 (forfeiture of treble damages for wrongful taking of stone, ore, etc.).

The defendants argue that, because the jury found the plaintiff Aaron partially negligent, the plaintiffs should be barred from re-

covery under the statute. The defendants rest their argument on cases decided under RSA 466:19.

▮ RSA 466:19 made the owners or keepers of dogs strictly liable for harm caused by their dogs' vicious or mischievous acts. *Noyes v. Labrecque,* 106 N.H. 357, 211 A.2d 421 (1965). At common law,

> "when the owner has once knowledge of the mischievous disposition of his dog . . . he is bound to take care of it; and from the time of his knowledge of it, he is answerable for all the mischief that is produced by the dog.
>
> . . . .
>
> This knowledge, or the *scienter,* is therefore the . . . foundation of these actions."

E. CHRISTIAN, A TREATISE ON THE GAME LAWS 267 (1817).

▮ The purpose for the enactment of RSA 466:19 was "to obviate the difficulty of showing the owner's knowledge of the vicious propensities of the dog as required at common law." *Gagnon v. Frank,* 83 N.H. 122, 123, 139 A. 373, 374 (1927). The statute provides:

> "Any person to whom or to whose property damage may be occasioned by a dog not owned or kept by him shall be entitled to recover such damage of the person who owns or keeps the dog, or has it in his possession, unless the damage was occasioned to him while he was engaged in the commission of a trespass or other tort."

RSA 466:19.

In *Quimby v. Woodbury,* 63 N.H. 370, 375 (1885), we held that the doctrine of contributory negligence would apply equally to bar an action predicated on G.L., c. 115, s.11, the predecessor to RSA 466:19, as it did to bar the common-law negligence action. *See Wike v. Allison,* 105 N.H. 393, 395, 200 A.2d 860, 864 (1964); *cf. Lynch v. McNally,* 73 N.Y. 347 (1878) (contributory negligence not a bar to common-law action but assumption of the risk would be). Upon the passage in 1969 of RSA 507:7-a, the comparative negligence statute, contributory negligence ceased to be an absolute bar to recovering damages in a negligence action; a plaintiff may now recover if the jury does not find that his negligence was greater "than the causal negligence of the defendant." *Id.*

The defendants maintain, however, that RSA 507:7-a has no application to an action brought under RSA 466:19 because the latter statute imposes *strict liability* on dog owners and thus is distinguishable from the *negligence* actions at which RSA 507:7-a is directed. The defendants' argument finds support in *Thibault v.*

*Sears, Roebuck & Company,* 118 N.H. 802, 395 A.2d 843 (1978). In *Thibault,* we held that the comparative negligence statute did not apply to strict product liability cases because the statute by its terms is confined to actions for negligence. *Id.* at 810, 395 A.2d at 848. We went on to hold, however, that "strict liability is a judicially created doctrine, to which the principle of comparative causation will be applied . . . ." *Id.*

In urging us not to apply comparative negligence to dog bite cases, the defendants distinguish the situation present in *Thibault* from the case at bar. The defendants contend that the rationale upon which we relied in *Thibault* to extend comparative negligence to strict liability cases is not available to us in this case. Here, strict liability under RSA 466:19 is a *legislative creation*, not a judicially created principle. Consequently, argue the defendants, if comparative negligence principles are to be extended to actions brought under the statute, the responsibility is the legislature's, not the court's.

The defendants' argument may have some merit with respect to the statutory count set out in the plaintiffs' declaration, but it is clearly inapplicable to the negligence count. For actions brought under the common-law negligence theory, RSA 507:7-a abrogated the bar to recovery created by the doctrine of contributory negligence and prospectively applied to such actions the principle of comparative negligence. Consequently, the superior court committed no error when it charged the jury to consider the negligence of the plaintiff Aaron in rendering its verdict on the negligence count. *See Thibault v. Sears, Roebuck & Co., supra* at 812, 395 A.2d at 849 (advising the superior court to use the term "plaintiff's misconduct" instead of "contributory negligence" in its charge on a strict liability count).

Accordingly, the only question is the applicability of the double damages statute, RSA 466:20, to the negligence count. In *Quimby v. Woodbury,* 63 N.H. 370, 375 (1885), we held that the statutory action should be treated as the common-law action with respect to the applicability of the doctrine of contributory negligence. Likewise, today we hold that RSA 466:20, which by its terms is not limited to an action founded on the strict liability theory embodied in RSA 466:19, should be read to apply to both the statutory and the common-law action. The deterrent effect of the statute is, if anything, enhanced by the possibility of a double-damage award where the owner is on notice of his dog's vicious proclivities.

Because of our holding that RSA 466:20 applies to the common-law action, we need not reach the question whether contributory

negligence will bar recovery in an action brought solely with reference to RSA 466:19.

The defendants' second basis for their claim of error is that the double damages provision of RSA 466:20 contravenes their right to the equal protection of the laws as guaranteed by the State Constitution. The defendants claim that the statute is unconstitutional on its face because it creates a separate class of tortfeasors (namely, owners of vicious dogs) and, without the proper justification, subjects only them to paying a victim double damages.

In *Missouri Pacific Railway Company v. Humes*, 115 U.S. 512 (1885), the United States Supreme Court faced an equal protection claim brought under the Federal Constitution and directed at a State statute, which allowed a double damage award against a railroad corporation for its failure to erect and maintain fences. In *Humes*, the Court held that "[t]here is no evasion of the rule of equality where all [railroad] companies are subjected to the same duties and liabilities under similar circumstances." *Id.* at 523. The Court later stated in *Railway Express Agency, Inc. v. New York*, 336 U.S. 106, 110 (1949), "[i]t is no requirement of equal protection that all evils of the same genus be eradicated or none at all." *See Noble v. Delaware & Hudson Ry. Co.*, 142 Vt. 156, 160–61, 453 A.2d 1109, 1112 (1982); *Hampshire Village Associates v. District Court of Hampshire*, 381 Mass. 148, 151, 408 N.E.2d 830, 832, *cert. denied sub nom Ruhlander v. Dist. Ct. of Hampshire*, 449 U.S. 1062 (1980) ("The singling out for such civil penalties of particular conduct, especially conduct in the economic sphere, raises no question under the equal protection guarantees unless, perchance the selection was bereft of a plausible reason.").

■ In order to address the merits of the defendants' equal protection challenge to RSA 466:20, we must first determine the comparative importance of the interest of the defendants that is implicated by the invocation of the statute in this civil action. *See, e.g., Couture v. Couture*, 124 N.H. 500, 502, 471 A.2d 1191, 1192 (1984). In *Carson v. Maurer*, 120 N.H. 925, 931–32, 424 A.2d 825, 830 (1980), we held that the right to recover for personal injuries is an important substantive right under our State Constitution. *See also Henderson Clay Prod's, Inc. v. Edgar Wood & Assoc's, Inc.*, 122 N.H. 800, 451 A.2d 174 (1982). Here, we are faced with the obverse of the interest implicated in *Carson*, inasmuch as it is the defendants' interest in being free from the exaction of a forfeiture of his property that is at stake.

■■ As with the plaintiffs' right to redress, *see* N.H. CONST. pt. I, art. 14, the defendants have rights in their property protected by

the constitution. *See* N.H. CONST. pt. I, art. 2. Consequently, we agree with the defendants that their interest in their property, when that property is placed at risk in the context of a civil action, is an important substantive right. Accordingly, to determine whether the statute passes constitutional scrutiny, we must determine "whether the challenged classifications are reasonable and have a fair and substantial relation to the object of the legislation." *Carson v. Maurer, supra* at 932–33, 424 A.2d at 831.

In *Craig v. Gerrish*, 58 N.H. 513 (1879), we upheld the constitutionality of the statute because the statute speaks in terms of a forfeiture, thus indicating that it was a penal statute designed to discourage the keeping of dogs which have the potential to cause personal injury or property damage. In *Orne v. Roberts*, 51 N.H. 110 (1871), we held that the predecessor statutes to RSA 466:19, :20

> "apparently originated in the idea that much damage was done by dogs, for which the injured person had no remedy, by reason of the practical difficulty of charging the owner with knowledge of the mischievous character of the dog; and, therefore, assuming that such animals were naturally dangerous, and, withal, of little utility, it was thought best to make the owner or keeper of such dogs liable absolutely for injuries caused by them."

*Id.* at 113.

With the passage of RSA chapter 466, the legislature created a comprehensive legislative scheme in obvious response to the ubiquity of dogs in our State and in recognition of the potential hazard they represent. As part of that scheme, the General Court inserted the double damages provision to induce owners to regulate their dogs more actively.

■ We hold that RSA 466:20 represents a reasonable response to the problem of injuries caused by dogs and, by its deterrent effect, bears a substantial relationship to the object of the legislation and the classifications it creates.

The defendants' exceptions are overruled.

*Affirmed.*

DOUGLAS, J., did not sit; SOUTER, J., concurred in the result; the others concurred.