Rockingham
No. 93-571

ROBERT DOUGLAS, INDIVIDUALLY AND AS FATHER AND NEXT
FRIEND OF LINDSAY DOUGLAS

v.

KIMON FULIS & a.

August 1, 1994

*Nicholas R. Aeschliman,* of Portsmouth, by brief and orally, for the plaintiff.

*Devine, Millimet & Branch, P.A.,* of Manchester (*Richard E. Mills* on the brief and orally), for the defendants.

BROCK, C.J. The plaintiff, Robert Douglas, individually and as father and next friend of Lindsay Douglas, brings this interlocutory appeal from an order of the Superior Court (*Gray,* J.) dismissing one count of his writ of summons. The plaintiff seeks recovery, pursuant to RSA 466:19 (Supp. 1989) (current version at RSA 466:19 (1992)) (the statute), for mental and emotional injuries incurred as a result of witnessing the defendants' dog attack his daughter. The plaintiff argues that the trial court erred in dismissing the count for failure to state a cause of action. We affirm.

In August 1989, the plaintiff and his three-year-old daughter, Lindsay Douglas, were at a neighborhood playground. Defendant Lau-

rie Fulis and her daughters were walking their family's golden retriever on a leash through the same playground. After the Douglases approached the dog, it attacked and bit Lindsay, causing lacerations and permanent scars on her face, ear, and head. The plaintiff, who was standing next to his daughter, saw and heard the attack. After Lindsay and the dog were separated, the plaintiff rushed Lindsay to the hospital where she received medical treatment.

The plaintiff brought a three-count action in tort against Kimon and Laurie Fulis, the owners of the dog, based solely on RSA 466:19. Counts I and II sought recovery for personal injuries sustained by Lindsay and for medical expenses incurred on her behalf. In count III, the plaintiff sought recovery for mental and emotional injuries he allegedly suffered as a result of witnessing the attack. The plaintiff did not allege negligence on the part of the defendants. The trial court granted the defendants' motion to dismiss count III, and this interlocutory appeal followed.

On an appeal from an order granting a motion to dismiss, we "assume the truth of both the facts alleged in the plaintiff's pleadings and all reasonable inferences therefrom as construed most favorably to the plaintiff. If the facts as alleged would constitute a basis for legal relief, the motion to dismiss should be denied." *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985).

The plaintiff contends that the trial court misinterpreted RSA 466:19 by denying him a right of recovery for mental and emotional injuries suffered as a bystander. He argues that his cause of action was intended under the "broad language" of the statute. We disagree. RSA 466:19 states:

> "Any person to whom or to whose property damage may be occasioned by a dog not owned or kept by him shall be entitled to recover such damage of the person who owns or keeps the dog, or has it in his possession, unless the damage was occasioned to him while he was engaged in the commission of trespass or other tort. A parent or guardian shall be liable under this section if the owner or keeper of the dog is a minor."

The statute, in substantially identical form, was enacted nearly 150 years ago. *See* Laws 1851, ch. 1124. We have consistently held that the reason for the enactment of the statute "was to obviate the difficulty of showing the owner's knowledge of the vicious propensities of the dog as required at common law." *Allgeyer v. Lincoln*, 125 N.H. 503, 506, 484 A.2d 1079, 1081 (1984) (quotation omitted); *see Gagnon v. Frank*, 83 N.H. 122, 123, 139 A. 373, 374 (1927).

■ The strict liability imposed by the statute is not unlimited. Although the statute suggests no qualifications to the liability of owners or keepers for the damage done by their dogs, it does not confer a right of action on all persons indiscriminately. It should be given a reasonable interpretation. *Noyes v. Labrecque*, 106 N.H. 357, 358, 211 A.2d 421, 422 (1965); *see Gagnon*, 83 N.H. at 123, 139 A. at 374.

■■ Statutes are not to be construed as changing the common law unless that intention is clearly expressed. *Bolduc v. Herbert Schneider Corp.*, 117 N.H. 566, 568, 374 A.2d 1187, 1189 (1977). Generally, at common law, when negligence served as the legal source of liability, it gave "rise only to an obligation to compensate the person immediately injured, not anyone who predictably suffer[ed] loss in consequence of that injury, unless liability for that person's consequential loss [had] a legal source besides its foreseeability." *Siciliano v. Capitol City Shows, Inc.*, 124 N.H. 719, 725, 475 A.2d 19, 21 (1984) (quotation omitted). New Hampshire did not afford a cause of action for the negligent infliction of emotional distress under facts such as those in this case before 1979. *See Corso v. Merrill*, 119 N.H. 647, 659, 406 A.2d 300, 308 (1979). As the cause of action did not exist in New Hampshire when the statute was enacted, we cannot conclude that the legislature intended the statute's wording to encompass the plaintiff's claim. *See Siciliano*, 124 N.H. at 724, 475 A.2d at 21; *cf. Bolduc*, 117 N.H. at 568, 374 A.2d at 1189. We believe that under a reasonable interpretation the statute was not intended to cover a bystander's claim for emotional distress. *See Noyes*, 106 N.H. at 358–59, 211 A.2d at 422.

The plaintiff cites other jurisdictions which have extended liability for a bystander's emotional distress in strict liability cases to argue that the statute should provide him with a cause of action. We note that the cases relied upon by the plaintiff all involve claims based on strict *products* liability and are distinct from the facts of the case at hand. We leave the question of liability for a bystander's emotional distress under strict products liability for another time.

The plaintiff also contends that the principles we enunciated in *Corso* should apply to his claim under the statute. He argues that it would be illogical to allow bystander recovery for emotional distress in a negligence case, and deny that same recovery under the strict liability of the statute. In *Corso* we stated:

"Recovery should not be barred for the serious emotional injury to parents who contemporaneously perceive or witness a serious injury to their child that is caused by defendant's negligence. . . .

In summary, we hold that a mother and father who witness or contemporaneously sensorially perceive a serious injury to their child may recover if they suffer serious mental and emotional harm that is accompanied by objective physical symptoms. Any action for negligent infliction of emotional distress must be based on the criteria of foreseeability outlined in this opinion and on the causal negligence of the defendant."

*Corso*, 119 N.H. at 658–59, 406 A.2d at 307–08. The criteria of foreseeability were specifically adopted in order to maintain a balance between the fear of unlimited liability and "a plaintiff's serious emotional injury that is directly caused *by defendant's negligence." Id.* at 653, 406 A.2d at 304 (emphasis added).

In the fifteen years since *Corso*, we have applied these criteria for recovery only in cases alleging negligence on the part of the defendants. *See, e.g., Wilder v. City of Keene*, 131 N.H. 599, 602–03, 557 A.2d 636, 638 (1989); *Waid v. Ford Motor Co.*, 125 N.H. 640, 640–41, 643, 484 A.2d 1152, 1152–53, 1154 (1984); *Nutter v. Frisbie Mem. Hosp.*, 124 N.H. 791, 794–95, 474 A.2d 584, 585–86 (1984); *Siciliano*, 124 N.H. at 726–27, 475 A.2d at 22–23.

We agree that the plaintiff has met the foreseeability factors of proximity of time, location, and relationship adopted in *Corso*. *See Siciliano*, 124 N.H. at 727, 475 A.2d at 23. Not every foreseeable injury to a legally recognized relationship necessarily postulates a cause of action, however. *Id.* at 724, 475 A.2d at 21. "A defendant's duty not to inflict emotional distress on a bystander is breached *only* when the defendant, *through his negligence*, physically injures a loved one of the bystander." *Waid*, 125 N.H. at 643, 484 A.2d at 1154 (emphasis added). Here, the defendants have not breached any duty owed the plaintiff.

The strict liability under the statute is a legislative creation, and not a judicially created principle. *Cf. Allgeyer*, 125 N.H. at 507, 484 A.2d at 1081. We need not determine if recovery for a bystander's emotional distress would have been included under a judicial creation of strict liability. Rather, we need only determine what the legislature intended in its creation of strict liability. In light of our interpretation of the statute, above, we decline to apply the princi-

ples enunciated in *Corso* to this case. If the legislature determines that the principles governing bystander recovery should be extended to actions brought under the statute, it may do so. *Cf. id.*

*Affirmed and remanded.*

All concurred.