Dick NEZTSOSIE and Renea Neztsosie, individually and as natural parents and general guardians of Kyle Neztsosie, a minor person, Plaintiffs and Appellants,

v.

Stephen MEYER, Defendant and Appellee.

No. 930607.

Supreme Court of Utah.

Oct. 24, 1994.

Peter C. Collins, John W. Holt, Salt Lake City, and Eric P. Swenson, Monticello, for plaintiffs.

M. Dayle Jeffs, Robert L. Jeffs, Provo, for defendant.

STEWART, Associate Chief Justice:

This is an appeal from the district court's order dismissing Stephen Meyer as defendant in a lawsuit in which plaintiffs alleged that he was strictly liable for damage done by a dog because he was "keeping" the dog under the language of Utah Code Ann. § 18–1–1. Plaintiffs also assert that the district court erred in denying their motions to

amend their complaint and to quash the jury wheel and jury lists. We affirm.

In July of 1989, a dog attacked Kyle Neztsosie while he rode his bicycle in Blanding, Utah. Kyle suffered injuries as a result of the attack and was taken to the hospital. Kyle identified Roger Stewart's blue heeler, Spud, as the dog that attacked him.

That weekend, the Stewarts were in Tooele, Utah, to visit relatives and left Spud chained up at the back of their home with sufficient food for several days. They asked Mrs. Stewart's father, Stephen Meyer, to check on Spud to make sure he had food and water. On the day of the attack, the Stewarts returned home from their trip and discovered that Spud was loose from the chain.

The Neztsosies sued Stewart, as the owner of the dog, and Meyer, as its keeper, pursuant to Utah Code Ann. § 18–1–1, which provides:

> Every person owning or keeping a dog shall be liable in damages for injury committed by such dog, and it shall not be necessary in any action brought therefor to allege or prove that such dog was of a vicious or mischievous disposition or that the owner or keeper thereof knew that it was vicious or mischievous. . . .

The Neztsosies moved to quash the jury wheel and lists, asserting that Native Americans in San Juan County are discriminated against in the jury selection process. They adduced affidavits and statistical data showing under-representation of Native Americans on the master jury lists.

The district court denied the motion to quash on May 10, 1993. The court then granted Meyer's motion for summary judgment and denied the Neztsosies' motion for partial summary judgment on June 9, 1993, holding that Meyer was not the keeper of the dog under section 18–1–1.

On July 16, 1993, the Neztsosies moved for leave to amend their complaint to add a common law negligence claim against Meyer, asserting that by undertaking to feed and water the dog, Meyer had a responsibility to

do so nonnegligently. The trial court denied this motion on September 13, 1993. The Neztsosies voluntarily dismissed their claims against Stewart, and the court entered an order dismissing him on November 3, 1993.[1] This appeal followed.

The Neztsosies raise three issues on appeal. First, they assert that Meyer was a "keeper" of a dog within the meaning of Utah Code Ann. § 18–1–1, and therefore, the trial court erred in granting Meyer's motion for summary judgment. Second, the Neztsosies argue that the trial court abused its discretion by not allowing them to amend their complaint to add a common law negligence claim against Meyer. Finally, the Neztsosies argue that the trial court erred by not granting their motion to quash the jury wheel and lists.

■ Section 18–1–1 of the Utah Code makes a dog's owner or keeper liable for damages caused by it. The Neztsosies argue that Meyer was a keeper under section 18–1–1 or that at least this is a question of fact precluding summary judgment. The facts pertaining to Meyer's feeding and watering the dog while the Stewarts were out of town are undisputed. Accordingly, the issue to be decided is an issue of law.

■ We hold that the term "keeper," as it is used in section 18–1–1, means more than merely checking to see if a dog has sufficient food and water for a limited time. *See McEvoy v. Brown,* 17 Ill.App.2d 470, 150 N.E.2d 652, 656 (1958). It is difficult to frame a universal definition of keeper, but the assumption of custody, management, and control is intrinsic to the definition. The term implies

> the exercise of a substantial number of the incidents of ownership by one who, though not the owner, assumes to act in his stead. . . . One becomes the keeper of a dog only when he, either with or without the owner's permission, undertakes to manage, control, or care for it as dog owners in general are accustomed to do.

1. Stewart sought protection from the federal bankruptcy court. An order staying the proceed-ings as to him was entered on August 17, 1993.

*Raymond v. Bujold,* 89 N.H. 380, 199 A. 91, 92 (1938); *Gilbert v. Christiansen,* 259 N.W.2d 896, 897 (Minn.1977) (citing *Verrett v. Silver,* 309 Minn. 275, 244 N.W.2d 147, 149 (1976)); *see also Hancock v. Finch,* 126 Conn. 121, 9 A.2d 811, 812 (1939); *Brown v. Bolduc,* 29 Mass.App. 909, 556 N.E.2d 1051, 1052–53 (1990). Meyer exercised no control or dominion over the dog so as to make him a keeper under section 18–1–1, and the trial court's grant of his motion for summary judgment was correct.

 Next, the Neztsosies argue that the trial court abused its discretion by denying their motion for leave to file a second amended complaint to add a common law negligence claim against Meyer after the trial court had granted Meyer's motion for summary judgment under section 18–1–1. We will not disturb a trial court's ruling on a motion to amend a complaint absent a clear abuse of discretion. *Girard v. Appleby,* 660 P.2d 245, 248 (Utah 1983). Under that standard, " 'we will not reverse unless the decision exceeds the limits of reasonability.' " *Crossland Sav. v. Hatch,* 877 P.2d 1241, 1243 (Utah 1994) (quoting *State v. Larsen,* 865 P.2d 1355, 1361 (Utah 1993)).

The original complaint in this case was filed June 25, 1990, and an amended complaint was filed on December 28, 1990. The Neztsosies moved for leave to file a second amended complaint on July 16, 1993, over a month after the order granting Meyer's motion for summary judgment was entered. In light of the three years this case was pending and the fact that plaintiffs knew or should have known of the negligence claim when the amended complaint was filed, we cannot conclude that the trial court exceeded the bounds of its discretion when it denied the motion to amend. *See Westley v. Farmer's Ins. Exch.,* 663 P.2d 93, 94 (Utah 1983) (per curiam).

In view of the above rulings, the Neztsosies' contention that the trial court erred in not granting their motion to quash the jury wheel and lists is moot, and we therefore decline to reach that issue on the merits. *See State v. Sims,* 881 P.2d 840, 841–43 (Utah 1994).

Affirmed.

ZIMMERMAN, C.J., and HOWE, DURHAM and RUSSON, JJ., concur.