2010 UT App 105

**Alexis WATERS, Plaintiff and Appellee,**

v.

**Steven POWELL, Defendant and Appellant.**

**No. 20090143–CA.**

Court of Appeals of Utah.

April 29, 2010.

Karra J. Porter and Sarah E. Spencer, Salt Lake City, for Appellant.

Daniel F. Bertch and Kevin K. Robson, Salt Lake City, for Appellee.

Before Judges McHUGH, ORME, and VOROS.

### MEMORANDUM DECISION

ORME, Judge:

¶ 1 The facts of this case are undisputed. In March 2005, defendant Steven Powell took his dog, Snoop, to be boarded for several days at the kennel managed by plaintiff Alexis Waters. To introduce Snoop to other dogs, Waters took Snoop to a play area. After Waters restrained Snoop to prevent him from possibly attacking other dogs in the play area, Snoop bit Waters. Waters filed a complaint against Powell alleging that he was strictly liable for the injury Snoop inflicted. Powell filed a summary judgment motion, which the district court denied. We granted Powell leave to pursue an interlocutory appeal. *See* Utah R.App. P. 5.

¶ 2 On appeal, Powell asserts, as he did in his summary judgment motion, that the undisputed facts establish that Waters is a "keeper" under Utah's strict liability dog bite statute, *see* Utah Code Ann. § 18–1–1 (2007); *Jackson v. Mateus,* 2003 UT 18, ¶ 27, 70 P.3d 78, and that as a keeper, Waters is precluded from recovery under that statute. Accordingly, Powell argues he is entitled to summary judgment. *See* Utah R. Civ. P. 56(c).

¶ 3 On the narrow issue of whether Waters is a keeper under Utah Code section 18–1–1, we determine, as a matter of law, that she is. Utah Code section 18–1–1 states that "[e]very person owning or keeping a dog shall be liable in damages for injury committed by such dog[.]" Utah Code Ann. § 18–1–1. Although the statute does not specifically define what constitutes "keeping a dog," the

Utah Supreme Court has offered important guidance. In *Neztsosie v. Meyer,* 883 P.2d 920 (Utah 1994), the Court stated that a keeper "undertakes to manage, control, or care for [the dog] as dog owners in general are accustomed to do." *Id.* at 921 (citations and internal quotation marks omitted). The Court acknowledged that although "[i]t is difficult to frame a universal definition of keeper, ... the assumption of custody, management, and control is intrinsic to the definition. The term implies the exercise of a substantial number of incidents of ownership by one who, though not the owner, assumes to act in his stead." *Id.* (citations and internal quotation marks omitted).

¶ 4 Waters's own deposition testimony established that she "exercise[d] a substantial number of the incidents of ownership," *id.* The undisputed facts, viewed "in the light most favorable to" Waters, *Orvis v. Johnson,* 2008 UT 2, ¶ 6, 177 P.3d 600 (citation and internal quotation marks omitted), establish that Waters—with the help of the staff she supervised—fed, watered, exercised, and cleaned up after the dogs in the kennel's care, took them to an area where they could relieve themselves, and ensured their safety and cleanliness. These activities entail essentially all of the hallmarks of dog ownership. Although there may well be cases where a factfinder would need to determine whether facts of a more mixed character established that the person is a keeper under Utah Code section 18–1–1, the undisputed facts of this case establish, as a matter of law, that Waters was Snoop's keeper. *See Neztsosie,* 883 P.2d at 921.

¶ 5 As for the second issue Powell raises on appeal, i.e., whether she is precluded from recovery under Utah Code section 18–1–1 if it is determined that Waters was Snoop's keeper, we do not express any opinion. Although Waters opposed Powell's summary judgment motion by arguing that her status as a keeper does not prevent her from recovering in strict liability from Powell, on appeal Waters has essentially conceded that if she is a keeper then she is precluded from asserting a strict liability claim against Powell un-

der Utah Code section 18–1–1.[1]

¶ 6 We reverse the district court's denial of summary judgment. We remand with instructions that Powell's summary judgment motion be granted.

¶ 7 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and J. FREDERIC VOROS JR., Judge.

---

1. Powell's initial brief clearly raises the issue on appeal. Not only did Waters's brief not address the issue, but when Powell stated in his reply brief and during oral argument that the issue had been conceded, Waters did not dispute the contention.